**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MAYA HAYUK,

              Plaintiff,

    v.

STARBUCKS CORPORATION and
72ANDSUNNY PARTNERS, LLC,

              Defendants.

Civil Action No. 15-cv-04887

**COMPLAINT AND DEMAND FOR**
**JURY TRIAL**

ECF Case

---

Plaintiff Maya Hayuk, by her attorneys Saunders & Silverstein LLP, brings this action against the defendants Starbucks Corporation and 72andSunny Partners, LLC (individually and collectively, "Defendants"). As grounds for this complaint, Maya Hayuk alleges the following, upon actual knowledge with respect to herself and her own acts, and upon information and belief as to other matters:

<u>Parties</u>

1.　　Plaintiff Maya Hayuk ("Hayuk"), a professional visual artist who regularly creates, sells, and licenses original works of art, has a principal place of business at 720 Lorimer Street #3R, Brooklyn, New York 11211.

2.　　Defendant Starbucks Corporation ("Starbucks") is a corporation duly organized under the laws of the State of Washington with its principal place of business at 2401 Utah Avenue South, Seattle, Washington 98134.

3.　　Defendant 72andSunny Partners, LLC ("72andSunny") is a limited liability company duly organized under the laws of the State of Delaware with its principal place of business at 12101 W. Bluff Creek Drive, Playa Vista, California 90094. 72andSunny also has offices in the State of New York at 30 Cooper Square, 10th Floor, New York, New York

10003.

## Nature of the Complaint

4.      This is an action for copyright infringement brought under the Copyright Act, 17 U.S.C. § 101 *et seq.*, to redress the infringement by Defendants, their agents, servants, or employees for reproducing, distributing, and otherwise using significant portions of Hayuk's original copyrighted works of art without her permission or authority in an extensive worldwide advertising and marketing campaign. Hayuk is seeking damages and appropriate injunctive relief.

## Jurisdiction and Venue

5.      This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over defendant Starbucks pursuant to N.Y. C.P.L.R. 302 because Starbucks regularly conducts business in New York City and has displayed advertising and promotional materials infringing Hayuk's copyrights within the State, causing tortious injury throughout the State of New York.

7.      This Court has personal jurisdiction over defendant 72andSunny pursuant to N.Y. C.P.L.R. 302 because 72andSunny regularly conducts business in New York City and has displayed, and caused to be displayed, advertising and promotional materials infringing Hayuk's copyrights within the State, causing tortious injury throughout the State of New York.

8.      Venue is appropriate under 28 U.S.C. § 1400(a).

## Facts

### Hayuk Is an Internationally Recognized Visual Artist

9.      Hayuk is a visual artist of international renown. Hayuk has a unique and

distinctive style that is very recognizable. Her iconic murals, paintings, and other works of art are highly sought after by individual collectors, museums and corporations around the world. Hayuk has received critical praise for her artwork throughout her fine art career, which spans over two decades.

10.     Hayuk's career includes more than 150 group and solo gallery shows, installations, and murals throughout the United States and in more than a dozen foreign countries on five continents. Her artwork has been published in numerous books and magazines and has been featured on countless websites.

11.     Hayuk's work has been covered widely in popular online and print publications, such as *The New York Times* (United States), *Huffington Post* (United States), *Juxtapoz Art & Culture Magazine* (United States), *Hypebeast* (Hong Kong), *Arrestedmotion* (United States), *Laughing Squid* (United States), *Web Urbanist* (United States), *NYLON Magazine* (United States), *Graffiti Art Magazine* (France), and *StreetArtNews* (United States).

12.     Hayuk's artwork has also been extensively reported on in art-related blogs, in news articles, and is regularly shared through social media. For example, on June 5, 2015, the well-known performing artist Usher Terry Raymond IV, professionally known as "Usher," posted to his Instagram account a picture featuring Hayuk's recently completed mural in Rabat, Morocco. Within six days, the post received over 32,000 *likes* and 282 comments.

13.     Hayuk is often commissioned to paint murals. Hayuk's mural commissions include work for Facebook (Menlo Park, California), Longchamp (London, England), Lane Crawford (Beijing, China), DGI-byen (Copenhagen, Denmark), Bonnarroo Music and Arts Festival (Manchester, Tennessee), Columbia University (New York, New York), City of Toronto (Toronto, Canada), and Form Contemporary Craft and Design (Perth, Australia), among others.

14.     Hayuk has selectively licensed her artwork for use on consumer products, such as apparel, eyewear, and electronic devices, for companies such as Billabong, Microsoft, Sony Electronics, General Motors, Cantão (Brazil), Vans, Reebok, Dell Computers, and Burton Snowboards.

**Hayuk's Five Works of Art That Are the Subject of This Action**

15.     In or around 2009, Hayuk created an original work of art entitled *Hands Across the Universe (Portrait of the Aura of Imam Bowie)* (hereinafter, "*Hands Across the Universe*"). At all times material hereto, photographs of *Hands Across the Universe* were displayed and continue to be displayed on Hayuk's website, located at www.mayahayuk.com. Hayuk registered her copyright to *Hands Across the Universe* with the United States Copyright Office, such registration being assigned Registration No. VAu 1-008-872, effective December 9, 2009. A true and correct copy of the Certificate of Registration and the deposit material submitted with the application for registration, is attached hereto as Exhibit A. Exhibit A and all other Exhibits attached to this Complaint are incorporated herein by reference.

16.     Also in or around 2009, Hayuk created original works of art entitled *The Universe* and *The Universe II*. At all times material hereto, photographs of these works were displayed and continue to be displayed on Hayuk's website, in the same online portfolio as *Hands Across the Universe*. Hayuk registered her copyrights to *The Universe* and *The Universe II* with the United States Copyright Office as part of Registration No. VAu 1-006-431 under the title *Hayuk Paintings November 2009 – OneSight Auction*, effective November 25, 2009. A true and correct copy of the Certificate of Registration and the relevant deposit material submitted with the application for registration is attached hereto as Exhibit B.

17.     In or around 2010, Hayuk created an original work of art entitled *Sexy Gazebo*. As with the other works referenced above, at all times material hereto, photographs

4

of *Sexy Gazebo* were displayed and continue to be displayed on Hayuk's website. Hayuk registered her copyright to *Sexy Gazebo* with the United States Copyright Office as part of Registration No. VAu 1-032-725 under the title *Hayuk Various Works 2008-2009*, effective June 29, 2010. A true and correct copy of the Certificate of Registration and the relevant deposit material submitted with the application for registration is attached hereto as Exhibit C.

18.     In or around 2011, Hayuk created an original work of art entitled *Kites #1*. At all times material hereto, photographs of *Kites #1* were displayed and continue to be displayed on Hayuk's website. Hayuk registered her copyright to *Kites #1* with the United States Copyright Office as part of Registration No. VAu 1-092-025 under the title *Hayuk - 2011 Collection No. 1*, effective February 9, 2012. A true and correct copy of the Certificate of Registration and the relevant deposit material submitted with the application for registration is attached hereto as Exhibit D.

19.     Copies of each of the above-referenced works, *Hands Across the Universe*, *The Universe*, *The Universe II*, *Sexy Gazebo*, and *Kites #1* (hereinafter, collectively referred to as the "Hayuk Works"), appear below:



*Hands Across the Universe*



*The Universe*



*The Universe II*



*Sexy Gazebo*



*Kites #1*

**Starbucks/72andSunny
Contacted Hayuk to Possibly Use Her Artwork**

20.     72andSunny is an advertising agency. At all relevant times, Starbucks was one of 72andSunny's clients. In or around October 2014, 72andSunny was developing an advertising and media campaign for Starbucks.

21.     On or about October 10, 2014, 72andSunny contacted Hayuk by email to see if she was interested in creating artwork for the proposed Starbucks campaign. 72andSunny's email said, "We love your work and would like to ask you if you would be interested in hearing about a project we think you would be perfect for." Before 72andSunny would give Hayuk the details of the proposed Starbucks campaign, 72andSunny asked Hayuk to sign a Nondisclosure Agreement. Hayuk signed the Nondisclosure Agreement. A true and correct copy of the email exchange is attached hereto as Exhibit E.

22.     72andSunny acted as Starbucks' agent at all relevant times during the interaction, correspondence, and discussions with Hayuk regarding the proposed Starbucks campaign.

23.     Between October 12 and October 20, 2014, Hayuk, through her counsel,
discussed the terms of the proposed Starbucks campaign with 72andSunny. Throughout this
process, 72andSunny consulted with Starbucks on the terms of the deal.

24.     Because the details of the proposed Starbucks campaign, the terms of the
proposed deal, and other relevant information exchanged during the negotiation process
may be subject to the Nondisclosure Agreement that Hayuk signed, said information is not
included in this Complaint.

25.     On October 20, 2014, Hayuk, through her counsel, declined the offer in
writing by email. 72andSunny acknowledged Hayuk's rejection of the offer the same day,
writing, "Ok thank you for letting us know . . . . We understand." A true and correct copy of
the email exchange is attached hereto as Exhibit F.

### Starbucks/72andSunny Used Hayuk's Artwork
### Extensively and Infringed Her Copyrights

26.     Notwithstanding Hayuk's decision to decline Starbucks' offer to use her
artwork in its campaign for its Frappuccino product (the "Frappuccino Campaign"),
Starbucks brazenly created artwork that is substantially similar to one or more of Hayuk's
copyrighted Works and used the substantially similar art for the Frappuccino Campaign (the
"Infringing Frappuccino Campaign Artwork").

27.     The Frappuccino Campaign is essentially identical to the Starbucks campaign
72andSunny proposed to Hayuk.

28.     The scope and reach of the Frappuccino Campaign is staggering. The
Infringing Frappuccino Campaign Artwork appears on both Starbucks' United States and
international websites; on the Starbucks' Frappuccino website; on videos promoting various
Frappuccino flavors; in print advertising; on product packaging; and in many, if not all, of
Starbucks' over 21,000 retail locations in 66 countries.

29.     The Infringing Frappuccino Campaign Artwork adorns the cup for the newly launched Mini Frappuccino product. The Mini Frappuccino, and the associated Infringing Frappuccino Campaign Artwork, has received significant media attention from publications including *The Huffington Post*, *Time*, and *U.S. News & World Report*.

30.     The Frappuccino is a significant source of revenue for Starbucks. Starbucks reports that in 2014, the Frappuccino generated $2 billion in sales, making it one of Starbucks' more lucrative offerings. Clearly, Starbucks is using the Infringing Frappuccino Campaign Artwork to gain significant financial benefit, all to Hayuk's detriment.

31.     On the following pages are representative examples of the Frappuccino Campaign and the Infringing Frappuccino Campaign Artwork. The Frappuccino Campaign displays and otherwise uses the Infringing Frappuccino Campaign Artwork in many different ways in promotional materials in all media; on Frappuccino cups and other Frappuccino-related products; on websites and videos promoting Frappuccino drinks; and on signage at or near Starbucks' retail locations, all of which is substantially similar to the Hayuk Works.

Starbucks' Local Websites by Country



*United States*



*France*



*United Kingdom*



*Germany*



*Canada*

Frappuccino.com



Mini Frappuccino



*Downloadable Image on News.Starbucks.com*





Starbucks' YouTube Videos by Country



*United Kingdom*



*United States*



*Germany*



*Germany*

Starbucks' Retail Locations



*New York, New York*



*New York, New York*



*Paris, France*



*Paris, France*



*Greenland, New Hampshire*

32.     The Infringing Frappuccino Campaign Artwork also appears on 72andSunny's website. Below are representative examples of the Frappuccino Campaign and the Infringing Frappuccino Campaign Artwork as they appear on 72andSunny's website.









33.     The Infringing Frappuccino Campaign Artwork is substantially similar to one or more of the Hayuk Works such that it infringes on Hayuk's copyrights.

34.     The Infringing Frappuccino Campaign Artwork is an unauthorized derivative use of one or more of the Hayuk Works such that it infringes on Hayuk's copyrights.

35.     The grid below shows details of the subject works and the substantial

similarity between the Hayuk Works and the Infringing Frappuccino Campaign Artwork.



36.     Hayuk has suffered and continues to suffer damages and irreparable injury as a result of Starbucks' infringement of her copyrights.

**Count I**
**Copyright Infringement of *Hands Across the Universe* – Against Starbucks**

37.     Hayuk repeats and realleges paragraphs 1 through 36 of this Complaint, inclusive, as if the same were fully set forth herein.

38.     Hayuk is the sole owner of all right, title, and interest in the copyright to *Hands Across the Universe*.

39.     Hayuk never authorized, licensed, or otherwise permitted Starbucks to reproduce, display, distribute, or otherwise use *Hands Across the Universe* or any copies thereof, or to prepare derivative works based upon *Hands Across the Universe*.

40.     Without Hayuk's permission or authority, Starbucks created and reproduced, displayed, distributed, and otherwise used the Infringing Frappuccino Campaign Artwork that is substantially similar to *Hands Across the Universe*. Such unauthorized use constitutes an infringement of Hayuk's copyright to *Hands Across the Universe* for which she is entitled to damages and injunctive relief.

**Count II**
**Copyright Infringement of *The Universe* – Against Starbucks**

41.     Hayuk repeats and realleges paragraphs 1 through 36 of this Complaint, inclusive, as if the same were fully set forth herein.

42.     Hayuk is the sole owner of all right, title, and interest in the copyright to *The Universe*.

43.     Hayuk never authorized, licensed, or otherwise permitted Starbucks to reproduce, display, distribute, or otherwise use *The Universe*, or any copies thereof, or to prepare derivative works based upon *The Universe*.

44. Without Hayuk's permission or authority, Starbucks created and reproduced, displayed, distributed, and otherwise used the Infringing Frappuccino Campaign Artwork that is substantially similar to *The Universe*. Such unauthorized use constitutes an infringement of Hayuk's copyright to *The Universe* for which she is entitled to damages and injunctive relief.

**Count III**
**Copyright Infringement of *The Universe II* – Against Starbucks**

45. Hayuk repeats and realleges paragraphs 1 through 36 of this Complaint, inclusive, as if the same were fully set forth herein.

46. Hayuk is the sole owner of all right, title, and interest in the copyright to *The Universe II*.

47. Hayuk never authorized, licensed, or otherwise permitted Starbucks to reproduce, display, distribute, or otherwise use *The Universe II* or any copies thereof, or to prepare derivative works based upon *The Universe II*.

48. Without Hayuk's permission or authority, Starbucks created and reproduced, displayed, distributed, and otherwise used the Infringing Frappuccino Campaign Artwork that is substantially similar to *The Universe II*. Such unauthorized use constitutes an infringement of Hayuk's copyright to *The Universe II* for which she is entitled to damages and injunctive relief.

**Count IV**
**Copyright Infringement of *Sexy Gazebo* – Against Starbucks**

49. Hayuk repeats and realleges paragraphs 1 through 36 of this Complaint, inclusive, as if the same were fully set forth herein.

50. Hayuk is the sole owner of all right, title, and interest in the copyright to *Sexy Gazebo*.

51.     Hayuk never authorized, licensed, or otherwise permitted Starbucks to reproduce, display, distribute, or otherwise use *Sexy Gazebo* or any copies thereof, or to prepare derivative works based upon *Sexy Gazebo*.

52.     Without Hayuk's permission or authority, Starbucks created and reproduced, displayed, distributed, and otherwise used the Infringing Frappuccino Campaign Artwork that is substantially similar to *Sexy Gazebo*. Such unauthorized use constitutes an infringement of Hayuk's copyright to *Sexy Gazebo* for which she is entitled to damages and injunctive relief.

### Count V
### Copyright Infringement of *Kites #1* – Against Starbucks

53.     Hayuk repeats and realleges paragraphs 1 through 36 of this Complaint, inclusive, as if the same were fully set forth herein.

54.     Hayuk is the sole owner of all right, title, and interest in the copyright to *Kites #1*.

55.     Hayuk never authorized, licensed, or otherwise permitted Starbucks to reproduce, display, distribute, or otherwise use *Kites #1* or any copies thereof, or to prepare derivative works based upon *Kites #1*.

56.     Without Hayuk's permission or authority, Starbucks created reproduced, displayed, distributed, and otherwise used the Infringing Frappuccino Campaign Artwork that is substantially similar to *Kites #1*. Such unauthorized use constitutes an infringement of Hayuk's copyright to *Kites #1* for which she is entitled to damages and injunctive relief.

### Count VI
### Copyright Infringement of *Hands Across the Universe* – Against 72andSunny

57.     Hayuk repeats and realleges paragraphs 1 through 36 of this Complaint, inclusive, as if the same were fully set forth herein.

58.     Hayuk is the sole owner of all right, title, and interest in the copyright to *Hands Across the Universe*.

59.     Hayuk never authorized, licensed, or otherwise permitted 72andSunny to reproduce, display, distribute, or otherwise use *Hands Across the Universe* or any copies thereof, or to prepare derivative works based upon *Hands Across the Universe*.

60.     Without Hayuk's permission or authority, 72andSunny reproduced, displayed, distributed, and otherwise used the Infringing Frappuccino Campaign Artwork that is substantially similar to *Hands Across the Universe*. Such unauthorized use constitutes an infringement of Hayuk's copyright to *Hands Across the Universe* for which she is entitled to damages and injunctive relief.

## Count VII
## Copyright Infringement of *The Universe* – Against 72andSunny

61.     Hayuk repeats and realleges paragraphs 1 through 36 of this Complaint, inclusive, as if the same were fully set forth herein.

62.     Hayuk is the sole owner of all right, title, and interest in the copyright to *The Universe*.

63.     Hayuk never authorized, licensed, or otherwise permitted 72andSunny to reproduce, display, distribute, or otherwise use *The Universe*, or to prepare derivative works based upon *The Universe*.

64.     Without Hayuk's permission or authority, 72andSunny reproduced, displayed, distributed, and otherwise used the Infringing Frappuccino Campaign Artwork that is substantially similar to *The Universe*. Such unauthorized use constitutes an infringement of Hayuk's copyright to *The Universe* for which she is entitled to damages and injunctive relief.

**Count VIII**
**Copyright Infringement of *The Universe II* – Against 72andSunny**

65.     Hayuk repeats and realleges paragraphs 1 through 36 of this Complaint, inclusive, as if the same were fully set forth herein.

66.     Hayuk is the sole owner of all right, title, and interest in the copyright to *The Universe II*.

67.     Hayuk never authorized, licensed, or otherwise permitted 72andSunny to reproduce, display, distribute, or otherwise use *The Universe II* or any copies thereof, or to prepare derivative works based upon *The Universe II*.

68.     Without Hayuk's permission or authority, 72andSunny reproduced, displayed, distributed, and otherwise used the Infringing Frappuccino Campaign Artwork that is substantially similar to *The Universe II*. Such unauthorized use constitutes an infringement of Hayuk's copyright to *The Universe II* for which she is entitled to damages and injunctive relief.

**Count IX**
**Copyright Infringement of *Sexy Gazebo* – Against 72andSunny**

69.     Hayuk repeats and realleges paragraphs 1 through 36 of this Complaint, inclusive, as if the same were fully set forth herein.

70.     Hayuk is the sole owner of all right, title, and interest in the copyright to *Sexy Gazebo*.

71.     Hayuk never authorized, licensed, or otherwise permitted 72andSunny to reproduce, display, distribute, or otherwise use *Sexy Gazebo* or any copies thereof, or to prepare derivative works based upon *Sexy Gazebo*.

72.     Without Hayuk's permission or authority, 72andSunny reproduced, displayed, distributed, and otherwise used the Infringing Frappuccino Campaign Artwork

that is substantially similar to *Sexy Gazebo*. Such unauthorized use constitutes an infringement of Hayuk's copyright to *Sexy Gazebo* for which she is entitled to damages and injunctive relief.

## Count X
## Copyright Infringement of *Kites #1* – Against 72andSunny

73.     Hayuk repeats and realleges paragraphs 1 through 36 of this Complaint, inclusive, as if the same were fully set forth herein.

74.     Hayuk is the sole owner of all right, title, and interest in the copyright to *Kites #1*.

75.     Hayuk has never authorized, licensed, or otherwise permitted 72andSunny to reproduce, display, distribute, or otherwise use *Kites #1* or any copies thereof, or to prepared derivative works based upon *Kites #1*.

76.     Without Hayuk's permission or authority, 72andSunny reproduced, displayed, distributed, and otherwise used the Infringing Frappuccino Campaign Artwork that is substantially similar to *Kites #1* and used said works in the Infringing Frappuccino Campaign Artwork. Such unauthorized use constitutes an infringement of Hayuk's copyright to *Kites #1* for which she is entitled to damages and injunctive relief.

## Count XI
## Contributory Copyright Infringement of the Hayuk Works – Against 72andSunny

77.     Hayuk repeats and realleges paragraphs 1 through 76 of this Complaint, inclusive, as if the same were fully set forth herein.

78.     72andSunny knew or should have known that Starbucks' creation of the Infringing Frappuccino Campaign Artwork was an infringement of one or more of the Hayuk Works.

79.     72andSunny knew or should have known that Starbuck's distribution,

display, and other uses of the Starbucks' Infringing Frappuccino Campaign Artwork was an infringement of one or more of the Hayuk Works.

80.     72andSunny caused, enabled, encouraged, facilitated, and induced Starbucks to violate Hayuk's copyrights in one or more of the Hayuk Works.

81.     72andSunny benefitted commercially from Starbucks' unauthorized uses of the Hayuk Works.

82.     72andSunny's conduct constitutes contributory infringement of Hayuk's copyrights in the Hayuk Works.

83.     Hayuk has been damaged and continues to be damaged by 72andSunny's contributory infringement of her copyrights in the Hayuk Works. Such contributory infringement constitutes an infringement of Hayuk's copyrights for which she is entitled to damages and injunctive relief.

## **Prayers for Relief**

WHEREFORE, Plaintiff Maya Hayuk prays that this Court:

1.     Issue a preliminary order enjoining Starbucks and its officers, agents, servants, employees, successors, assigns, affiliates, attorneys and all others acting in concert and privity with any of them from all further reproduction, display, distribution, and other uses of the Infringing Frappuccino Campaign Artwork during the pendency of this litigation;

2.     Issue a preliminary order enjoining 72andSunny and its officers, agents, servants, employees, successors, assigns, affiliates, attorneys and all others acting in concert and privity with any of them from all further reproduction, display, distribution, and other uses of the Infringing Frappuccino Campaign

Artwork during the pendency of this litigation;

3.      Issue an order that Starbucks and its officers, agents, servants, employees, successors, assigns, affiliates, attorneys and all others acting in concert and privity with any of them be required to deliver up for impoundment all Infringing Frappuccino Campaign Artwork and all other infringing copies and/or derivatives of any works of art created by Hayuk, in all forms whatsoever, which are in Starbucks' possession or under its control;

4.      Issue an order that 72andSunny and its officers, agents, servants, employees, successors, assigns, affiliates, attorneys and all others acting in concert and privity with any of them be required to deliver up for impoundment all Infringing Frappuccino Campaign Artwork and all other infringing copies and/or derivatives of any works of art created by Hayuk, in all forms whatsoever, which are in 72andSunny's possession or under its control;

5.      Issue an order permanently enjoining Starbucks and its officers, agents, servants, employees, successors, assigns, affiliates, attorneys and all others acting in concert and privity with any of them and all other persons and business entities from using any and all of the Infringing Frappuccino Campaign Artwork in any way whatsoever, including but not limited to all further reproduction, distribution, display, manufacture, importation, exportation, sale, and advertising of all said manufactured products, printed and related materials, as well as all electronic and digital images containing any of the Infringing Frappuccino Campaign Artwork;

6.      Issue an order permanently enjoining 72andSunny and its officers, agents, servants, employees, successors, assigns, affiliates, attorneys and all others

acting in concert and privity with any of them and all other persons and business entities from using any and all of the Infringing Frappuccino Campaign Artwork in any way whatsoever, including but not limited to all further reproduction, distribution, display, manufacture, importation, exportation, sale, and advertising of all said manufactured products, printed and related materials, as well as all electronic and digital images containing any of the Infringing Frappuccino Campaign Artwork;

7.   Award Hayuk all of her direct and consequential damages arising from Starbucks' infringement of any of Hayuk's copyrights;

8.   Award Hayuk all of her direct and consequential damages arising from 72andSunny's infringement of any of Hayuk's copyrights

9.   Award Hayuk all of her actual damages as well as all profits earned by Starbucks from the infringement of any of Hayuk's copyrights in accordance with § 504(b) of the Copyright Act;

10.  Award Hayuk all of her actual damages as well as all profits earned by 72andSunny from the infringement of any of Hayuk's copyrights in accordance with § 504(b) of the Copyright Act;

11.  Issue an order that Starbucks be required to pay Hayuk such statutory damages within the provisions of the Copyright Act in a sum not less than $750.00, nor more than $30,000.00, per infringed work, or if the Court finds that any of the infringements were committed willfully, such statutory damages within the provisions of the Copyright Act in a sum up to and including $150,000.00 per infringed work;

12.  Issue an order that 72andSunny be required to pay Hayuk such statutory

damages within the provisions of the Copyright Act in a sum not less than $750.00, nor more than $30,000.00, per infringed work, or if the Court finds that any of the infringements were committed willfully, such statutory damages within the provisions of the Copyright Act in a sum up to and including $150,000.00 per infringed work;

13.     Award Hayuk her reasonable attorneys' fees, costs of suit, and interest; and

14.     Award Hayuk such other and further relief as the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.

Respectfully submitted,

SAUNDERS & SILVERSTEIN LLP

/s/Aaron Y. Silverstein

Dated: June 23, 2015

Aaron Y. Silverstein
(SDNY Bar No. AS-2323)
Saunders & Silverstein LLP
14 Cedar Street, Suite 224
Amesbury, MA 01913
+1.978.463.9130
asilverstein@massiplaw.com

Attorneys for Plaintiff
Maya Hayuk

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Maya Hayuk hereby demands a jury trial of all issues so triable.

SAUNDERS & SILVERSTEIN LLP

Dated: June 23, 2015

/s/ Aaron Y. Silverstein
Aaron Y. Silverstein
(SDNY Bar No. AS-2323)
Saunders & Silverstein LLP
14 Cedar Street, Suite 224
Amesbury, MA 01913
+1.978.463.9130
asilverstein@massiplaw.com

Attorneys for Plaintiff
Maya Hayuk