UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAYA HAYUK,

Plaintiff,

v.

STARBUCKS CORPORATION and 72ANDSUNNY PARTNERS, LLC,

Defendants.

Case No: 15-cv-04887 (LTS) (HBP)

**ORAL ARGUMENT REQUESTED**

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

FRANKFURT KURNIT KLEIN & SELZ, P.C.
Amelia K. Brankov
Andrew D. Jacobs
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone: (212) 980-0120
Fax: (212) 593-9175

*Attorneys for Defendants Starbucks Corporation and 72andSunny Partners, LLC*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..... 1

ARGUMENT ..... 1

I. ONLY SUBSTANTIAL SIMILARITY IS AT ISSUE ON THIS MOTION ..... 1

II. THE STARBUCKS WORKS ARE NOT SUBSTANTIALLY SIMILAR TO THE HAYUK WORKS ..... 2

A. Hayuk's Claims Fail Under Either Test of Substantial Similarity ..... 2

B. Dissimilarities Matter in the Substantial Similarity Analysis ..... 4

C. Hayuk Improperly Seeks to Protect Her Style ..... 5

D. Hayuk's Descriptions of the Works at Issue are Inaccurate ..... 7

E. The Court Should Disregard Hayuk's Manipulations of the Starbucks Works ..... 9

CONCLUSION ..... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Attia v. Soc. Of the New York Hosp.*,
201 F.3d 50 (2d Cir. 1999)....5

*Belair v. MGA Entm't, Inc.*,
503 F. App'x 65 (2d Cir. 2012)....3

*Bill Diodato Photography, LLC v. Kate Spade, LLC*,
388 F. Supp. 2d 382 (S.D.N.Y. 2005)....3

*Boisson v. Banian, Ltd.*,
273 F.3d 262 (2d Cir. 2001)....3

*Burroughs v. Metro-Goldwyn-Mayer*,
683 F.2d 610 (2d Cir. 1982)....4, 5

*Craft v. Kobler*,
667 F. Supp. 120 (S.D.N.Y. 1987)....5

*Dean v. Cameron*,
53 F. Supp. 3d 641 (S.D.N.Y. 2014)....2, 5, 7, 9

*Gordon v. McGinley*,
502 F. App'x 89 (2d Cir. 2012)....3, 9

*Judith Ripka Designs, Ltd. v. Preville*,
935 F. Supp. 237 (S.D.N.Y. 1996)....6

*King v. Innovation Books*,
976 F.2d 824 (2d Cir. 1992)....5

*Kroencke v. Gen. Motors Corp.*,
270 F. Supp. 2d 441 (S.D.N.Y. 2003) *aff'd*, 99 F. App'x 339 (2d Cir. 2004)....7

*Marisol A. v. Giuliani*,
929 F. Supp. 660 (S.D.N.Y. 1996)....2

*Odegard Inc. v. Safavieh Carpets, Inc.*,
398 F. Supp. 2d 275 (S.D.N.Y. 2005)....3

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
602 F.3d 57 (2d Cir. 2010)....2, 7

*Sheldon v. Metro-Goldwyn Pictures Corp.*,
81 F.2d 49 (2d Cir. 1936)....................................................................................................5

*Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc.*,
338 F.3d 127 (2d Cir. 2003)...........................................................................................2, 3

*Williams v. Crichton*,
84 F.3d 581 (2d Cir. 1996).............................................................................................4, 5

*Zalewski v. Cicero Builder Dev., Inc.*,
754 F.3d 95 (2d Cir. 2014).................................................................................................2

**Statutes**

Fed. R. Civ. P. 12(b)(6).........................................................................................................1

Defendants Starbucks Corporation and 72andSunny Partners, LLC (collectively, "Defendants") submit this reply memorandum of law in further support of their motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint and Demand for Jury Trial (the "Complaint") of plaintiff Maya Hayuk ("Hayuk").

## PRELIMINARY STATEMENT

Hayuk fails to allege claims of copyright infringement because the Hayuk Works are not substantially similar to the Starbucks Works.[1] Hayuk's opposition brief proves as much. After distracting the Court with elements of her claim not at issue here, Hayuk misstates the legal framework that should guide the Court's substantial similarity analysis, continues to seek protection for her works' "style," and inaccurately describes both her own works and Defendants' in an attempt to gin up substantial similarity. But when Hayuk's misstatements of law and fact are corrected, what remains of Hayuk's opposition fails to identify any substantial similarity between the Hayuk Works and the Starbucks Works. As a result, Hayuk's claims must be dismissed in their entirety with prejudice.

## ARGUMENT

### I
### ONLY SUBSTANTIAL SIMILARITY IS AT ISSUE ON THIS MOTION

In her opposition, Hayuk asserts that she has "established ownership of a valid copyright" and has "sufficiently pled actual copying." Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Opp.") at 4, 5. But Defendants have filed a motion to dismiss on the limited issue of substantial similarity; in doing so, they assumed for the purposes of their motion that Hayuk properly stated the other elements of her copyright infringement claims,

---

[1] Defendants incorporate the definitions adopted in Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Complaint, dated August 17, 2015 ("Def. Mem.").

including valid ownership of a copyright and actual copying. *See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (assuming actual copying for purposes of motion to dismiss based on lack of substantial similarity); *Dean v. Cameron*, 53 F. Supp. 3d 641, 647 (S.D.N.Y. 2014) (same). Of course, Defendants have not conceded those elements, as they have not yet served a responsive pleading. *See Marisol A. v. Giuliani*, 929 F. Supp. 660, 661 (S.D.N.Y. 1996) (noting that "the allegations of the complaint are only to be taken as true in connection with the motion to dismiss and are not admitted by the defendants"). The only issue on this motion is whether Hayuk has sufficiently pled substantial similarity; because she has not and cannot, her claims should be dismissed.

## II
## THE STARBUCKS WORKS ARE NOT SUBSTANTIALLY SIMILAR TO THE HAYUK WORKS

### A. Hayuk's Claims Fail Under Either Test of Substantial Similarity

Defendants have shown that because the Hayuk Works make extensive use of unprotectible elements, namely, "standard geometric forms," the Court should apply the "more discerning observer" test in evaluating substantial similarity here. *Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 132 (2d Cir. 2003); *see* Def. Mem. at 9-10. In opposition, Hayuk asserts without citation that because the Hayuk Works are "works of fine art, creations of pure imagination," they are "incapable of being parsed into protectable and unprotectable elements," and thus the ordinary observer test must apply. Opp. at 6.

The Hayuk Works' status as art does not shield them from the more discerning observer test. As the Second Circuit recently recognized, "[o]ften . . . a work's aesthetic appeal will be due largely to unprotected elements," and in such cases, the more discerning observer test applies. *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 102 (2d Cir. 2014) (applying more discerning observer test to architectural designs for colonial homes). Indeed, courts regularly use

the more discerning observer test to direct focus onto the protectible elements of artistic works. *See, e.g.*, *Bill Diodato Photography, LLC v. Kate Spade, LLC*, 388 F. Supp. 2d 382, 390-92 (S.D.N.Y. 2005) (applying test where photographer's "depiction of a woman's feet as she sits on the toilet" contained elements "common to the other fashion photographs"); *Odegard Inc. v. Safavieh Carpets, Inc.*, 398 F. Supp. 2d 275, 279 (S.D.N.Y. 2005) (applying test where carpet design contained "common elements" such as "patterned borders and floral motifs"). By contrast, the ordinary observer test applies only "where the plaintiff's work contains *no material* imported from the public domain." *Boisson v. Banian, Ltd.*, 273 F.3d 262, 272 (2d Cir. 2001) (emphasis added). In Hayuk's own words, the Hayuk Works make heavy use of "radiating lines or 'rays'" and "transparent bands" (Opp. at 9, 15) – that is, "elemental 'raw materials'" that are part of the "wellspring that is the public domain" (*Tufenkian*, 338 F.3d at 132). The more discerning observer test is thus applicable here.

Ultimately, however, it is immaterial whether the ordinary or more discerning observer test is used in this case because the inquiries – and the outcomes – are identical for purposes of this motion. *See* Mot. at 10 n.5. "Whether the 'ordinary observer' test or the 'more discerning observer' test is employed, the copyright infringement analysis involves a 'common sense' determination . . . as to whether the allegedly infringing work is substantially similar to the copyrighted work, focusing on 'total concept and overall feel.'" *Gordon v. McGinley*, 502 F. App'x 89, 90 (2d Cir. 2012). As Defendants set forth in their opening brief and confirm below, the disparities between the Starbucks Works and their allegedly infringed Hayuk counterparts yield overwhelming differences in total concept and feel, and the similarities between the works extend only to unprotectible elements. As a result, regardless of the applicable test, Hayuk's claims should be dismissed. *Accord Belair v. MGA Entm't, Inc.*, 503 F. App'x 65, 66 (2d Cir.

2012) ("Whichever test applies, it is entirely appropriate for a district court to resolve the question of substantial similarity as a matter of law") (internal quotations omitted)).

**B. Dissimilarities Matter in the Substantial Similarity Analysis**

Hayuk takes issue with Defendants' accounting of the dissimilarities between each Hayuk Work and the Starbucks Works alleged to infringe it, noting that "dissimilarity . . . will not automatically relieve the infringer of liability" and that "copyright infringement may occur by reason of a substantial similarity that involves only a small portion of each work." Opp. at 8 (quoting *Williams v. Crichton*, 84 F.3d 581, 588 (2d Cir. 1996); *Burroughs v. Metro-Goldwyn-Mayer*, 683 F.2d 610, 624 n.14 (2d Cir. 1982)). But the cases on which Hayuk relies support *Defendants'* substantial similarity analysis, not Hayuk's.

In *Williams*, the Second Circuit affirmed the district court's holding that the literary works at issue were "not substantially similar" because "the total concept and feel of the two works differ[ed] substantially." 84 F.3d at 588-89. In reaching its conclusion, the court analyzed the components of the respective works – theme, setting, characters, time sequence, plot, and pace – finding in each instance that "[w]hen one looks beyond the superficial similarities" and unprotectible elements, "many differences emerge[d]," precluding a finding a substantial similarity. *See id.* at 589-91. Similarly, in *Burroughs*, 683 F.2d 610 (2d Cir. 1982), the Second Circuit held that the 1932 film *Tarzan, the Ape Man* was not substantially similar to the original "Tarzan" book, except to the extent permitted under the relevant character license. Again, the court exhaustively analyzed the "specific similarities" relied upon by plaintiffs and found that "the few purported similarities either are so general as to be meaningless, or are not similarities at all." 683 F.2d at 624. The language in *Burroughs* relied upon by Hayuk – that "a substantial similarity that involves only a small portion of each work" may support an infringement claim – occurs in a footnote of the Court's analysis, in which the Court otherwise

concludes, for each isolated similarity, "its significance is minimized by the overwhelming differences between Book and film." *Id.* at 625.[2]

Here, Defendants' methodology closely tracks the one used in both *Williams* and *Burroughs*. Rather than inappropriately "consider parts of a work in isolation," Defendants compare each Hayuk Work to each allegedly infringing Starbuck Work "as a whole." *Dean*, 53 F. Supp. 3d at 647. In doing so, Defendants show that the "significance" of any similarities relied upon by Hayuk in her Complaint and opposition "is minimized by the overwhelming differences" between the two sets of works. *Burroughs*, 683 F.2d at 625. As in *Williams* and *Burroughs*, Defendants' accounting of differences is key to this analysis, as it "make[s] clear . . . that [any] similarity extends only to unprotectible concepts or ideas." *Attia v. Soc. Of the New York Hosp.*, 201 F.3d 50, 58 (2d Cir. 1999). Hayuk's attempt to cast doubt on the premises of Defendants' substantial similarity analysis fails.

**C. <u>Hayuk Improperly Seeks to Protect Her Style</u>**

Hayuk insists that she is not trying to assert copyright protection over her "style." Opp. at 17. But her arguments belie that claim. In her opposition, Hayuk freely alternates the specific claims of infringement asserted in the Complaint, aggregating both her own works and the Starbucks Works despite significant differences in expression among them.

First, Hayuk compares her works to completely different Starbucks Works than she did in her Complaint.[3] For example:

---

[2] The other cases relied on by Hayuk are also inapt. *Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49, 55 (2d Cir. 1936) and *Craft v. Kobler*, 667 F. Supp. 120, 124 (S.D.N.Y. 1987) involved exact copying, which did not occur here. *King v. Innovation Books*, 976 F.2d 824 (2d Cir. 1992) involved a Lanham Act claim, not a copyright infringement claim.

[3] A master chart of Hayuk's problematic comparisons of the Hayuk Works to the Starbucks Works is attached as Exhibit A to the Jacobs Declaration dated September 10, 2015, submitted in connection with this reply.

- ***Sexy Gazebo***: In her Complaint, Hayuk alleges that this work was infringed by a Frappuccino video. *See* Compl. at 21, Row 5. In her opposition, she claims that the same work was infringed by the Frappuccino Cup, a Frappuccino Webpage, and Frappuccino In-Store Art. *See* Opp. at 12-14.
- ***Kites #1***: In her Complaint, Hayuk alleges that *Kites #1* was infringed by a Frappuccino Webpage. *See* Compl. at 21, Row 4. But in her opposition, she argues that it was infringed by an entirely different Frappuccino Webpage and Frappuccino In-Store Art. *See* Opp. at 15-16.
- ***The Universe II***: In her Complaint, Hayuk compares this work to a Frappuccino video. *See* Compl. at 21, Row 2. In her opposition, she compares it to the Frappuccino Webpages, as well as Frappuccino In-Store Art. *See* Opp. at 10-11.

The Frappuccino videos, Frappuccino Webpages, Frappuccino In-Store Art, and Frappuccino Cup differ in material respects, as described in Defendants' opening brief. *See* Def. Mem. at 5-7. The Frappuccino Cup and the Frappuccino videos, for example, have little in common except for the fact that they both contain multicolored arrays of bands. *Compare* Brankov Decl. Ex. A, *with* Brankov Decl. Ex. B. By mixing and matching allegedly infringing works – which share, at most, "the same 'look'" – Hayuk reveals that the basis of her claims is "style[]," not "particular original designs." *Judith Ripka Designs, Ltd. v. Preville*, 935 F. Supp. 237, 248 (S.D.N.Y. 1996).

By the same token, Hayuk mixes and matches her own works, claiming that individual Starbucks Works infringe multiple Hayuk Works. She claims that the Frappuccino Cup infringes both *Hands Across the Universe* (Compl. at 21, Row 3) and *Sexy Gazebo* (Opp. at 13), and she claims that the Frappuccino Webpages infringe all of the Hayuk Works. Compl. at 21, Row 4;

Opp. at 10-11, 14-16. But the *Universe* Works present complex and intricately patterned systems, while *Kites #1* is a simple, multi-colored grid. *Compare* Compl. Exs. A-B, *with* Compl. Ex. D; *see* Def. Mem. at 3-4. Similarly, *Sexy Gazebo* lacks essential features of *Hands Across the Universe*, such as round-edged rays and "planet"-like circles. *Compare* Compl. Ex. A, *with* Compl. Ex. C. As Hayuk herself emphasizes, each of the Hayuk Works is an "original individual work[ ]" (Opp. at 18), and she therefore may not combine them in an effort to bolster her claim. *Dean*, 53 F. Supp. 3d at 647. "Accordingly, plaintiff's 'aggregation' theory of infringement must fail." *Kroencke v. Gen. Motors Corp.*, 270 F. Supp. 2d 441, 443 (S.D.N.Y. 2003) *aff'd*, 99 F. App'x 339 (2d Cir. 2004).

**D. Hayuk's Descriptions of the Works at Issue are Inaccurate**

It is black-letter law that "[i]n copyright infringement actions, 'the works themselves supersede and control contrary descriptions of them." *Peter F. Gaito Architecture*, 602 F.3d at 64 (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 52 (2d Cir. 1986)). Hayuk's opposition is full of such "contrary descriptions," which the Court should disregard in its substantial similarity analysis. *Id.*

***Kites #1***: Hayuk claims that the "overarching element" of *Kites #1* is "a prominent, multi-colored diamond shape that appears in the center of the painting," and she goes on to assert that "Defendants used the core diamond shape" on the Frappuccino Webpages and In-Store Art. Opp. at 15. But none of the Starbucks Works that Hayuk displays in connection with this assertion feature a diamond shape. *See* Opp. at 16.

***Sexy Gazebo***: Hayuk focuses on her use of "opacity and transparency" in *Sexy Gazebo*, emphasizing that none of the rays "hav[e] solid uniform color throughout." Opp. at 12. She then asserts that the Frappuccino Cup misappropriates "the aesthetic heart of *Sexy Gazebo*." Opp. at 13. But the bands of the Frappuccino Cup share none of these elements; they are opaque and

uniform in color. *See* Brankov Decl. Ex. A. And although Hayuk argues that the Starbucks Works misappropriate her "thin and thick multicolored rays" (Opp. at 14), she ignores that while the Starbucks Works contain haphazardly arranged, mostly even-width stripes, *Sexy Gazebo's* rays emanate in 360 degrees and are purposefully misaligned.

**The *Universe* Works:** Hayuk's comparison of the *Universe* Works to the Starbucks Works overlooks all of the signature elements of the *Universe* Works: a central diamond figure, rays terminating with rounded edges, circles, drip marks, and symmetry, which combine to create a universe of planets in orbit (*see* Def. Mem. at 3). None of these elements appear in the Starbucks Works on which Hayuk relies to support her claim. *See* Opp. at 10-11.

In a final effort to generate substantial similarity where none exists, Hayuk repeatedly appeals to the "use [of] similar colors" in the Hayuk Works and Defendants' works. Opp. at 17; *see id.* at 8-16. This claim, too, is misplaced. *Sexy Gazebo* contains neon-looking colors – neon orange, neon yellow and neon pink. *See* Compl. Ex. C. Hayuk compares this work to, *inter alia*, the Frappuccino Cup. Opp. at 13. But that cup does not contain the same colors: the bands are not neon; there is no black in the cup artwork, and the cup features the signature Starbucks green color, which does not appear in *Sexy Gazebo.* *See* Brankov Decl. Ex. A. As to *Kites #1*, she compares that work to, *inter alia*, the Starbucks.com website. *See* Opp. at 15-16. But that website art does not contain purple, gray, or black. *See* Opp. at 16. Moreover, the color palette of *Kites #1* appears much darker in color than the Starbucks Works, which contain more color contrast and are more vibrant. As to the *Universe* Works, they appear to include virtually all the colors of the rainbow. *See* Compl. Exs. A-B. That the Starbucks Works share some of those colors is irrelevant, given that overlap would exist with virtually any work in color. In short, no substantial similarity between the parties' works exists merely because of the colors included in those works.

**E. The Court Should Disregard Hayuk's Manipulations of the Starbucks Works**

Defendants have shown that the Court must reject Hayuk's reliance on cropped and rotated images to support her infringement claims. Def. Mem. at 16-17 (citing *Dean*, 53 F. Supp. 3d at 648; *Gordon v. McGinley*, 2011 WL 3648606, at *4 (S.D.N.Y. Aug. 18, 2011)). In her opposition, Hayuk distinguishes her own manipulations from those at issue in *Dean* and *Gordon* based on assumed motives: where "[t]he plaintiffs in *Dean* and *Gordon* were being deceptive," "Hayuk was being thorough." Opp. at 21. But nothing in *Dean* or *Gordon* suggests that "cropping [works], rotating [works], and the like" is a proper strategy in an infringement claim so long as the plaintiff's intentions are good. *Dean*, 53 F. Supp. 3d at 648. On the contrary, they flatly state that "[s]uch tactics cannot be used to bolster an infringement claim." *Id.* (citing *Gordon*, 2011 WL 3648606, at *4). Quite simply, the Court should ignore the heavily manipulated side-by-side comparison on page 21 of the Complaint because it is a distraction from the Court's task of comparing the works at issue as wholes.

In the same vein, the Court must reject Hayuk's comparison of the Hayuk Works to various split-second screenshots from Starbucks videos. *See* Def. Mem. at 20-21 (citing *Dean*, 53 F. Supp. 3d at 648; *Gordon*, 2011 WL 3648606, at *6). Hayuk does not dispute that she cannot base her claim for infringement of the Hayuk Works on "single static frames from scenes comprised of hundreds if not thousands of frames." *Dean*, 53 F. Supp. 3d at 648. Instead, she disclaims any reliance on the screenshots, asserting instead that "the videos in their entirety . . . misappropriate the core of the Hayuk Works." Opp. at 20. But Hayuk does not address *how* the Starbucks videos, considered as whole works, infringe any Hayuk Work. Nor does she respond to Defendants' argument that the videos are *not* substantially similar to the Hayuk Works because they "[bear] no likeness to the pace and pulse of the corresponding [videos]." Def. Mem. at 21 (citing *Gordon*, 2001 WL 3648606, at *6). Instead, she insists, citing neither law nor

facts, that "the Court will see in viewing the videos" that the Starbucks videos infringe the Hayuk Works. Opp. at 20. This conclusory assurance does not support an infringement claim.

## CONCLUSION

Defendants respectfully request that the Court enter an order: (i) dismissing the Complaint with prejudice, in its entirety, (ii) awarding Defendants' their costs and attorneys' fees and (ii) granting such other and further relief as the Court deems just and proper.

Dated: September 10, 2015

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: /s/ Amelia K. Brankov
Amelia K. Brankov
Andrew D. Jacobs
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone: (212) 980-0120
Fax: (212) 593-9175
abrankov@fkks.com
ajacobs@fkks.com

*Attorneys for Defendants Starbucks Corporation and 72andSunny Partners, LLC*