UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAYA HAYUK,<br><br>       Plaintiff,<br><br>  v.<br><br>STARBUCKS CORPORATION and 72ANDSUNNY PARTNERS, LLC,<br><br>       Defendants. | Civil Action No. 15-cv-04887 (LTS) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR LEAVE TO FILE A SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff, Maya Hayuk ("Hayuk"), through her undersigned counsel, hereby submits this memorandum in support of her Motion for Leave to File a Sur-Reply to the Reply Memorandum in support of the Motion to Dismiss filed by Defendants Starbucks Corporation and 72andSunny Partners, LLC ("Defendants").

Hayuk submits that a sur-reply is necessary to address new issues raised in Defendants' Reply Memorandum for the first time. Hayuk believes that her sur-reply will be helpful to the Court in ruling on Defendants' Motion to Dismiss.

Although sur-replies are permitted only with leave of court, a court should grant leave to file a sur-reply where the movant "demonstrates to the court that papers to which it seeks to file a reply raise new issues which are material to the disposition of the question before the court." *U.S. v. Int'l Bu. Machs. Corp.*, 66 F.R.D. 383, 384 (S.D.N.Y. 1975); *see also Travelers Ins. Co. v. Buffalo Reinsurance Co.,* 735 F. Supp. 492, 495, *vacated in part on other grounds,* 739 F. Supp. 209 (S.D.N.Y. 1990). Indeed, "the purpose of [sur-]reply papers is to

'address new material issues raised in the [reply] papers to avoid giving unfair advantage to the answering party'." *Malay v. City of Syracuse*, 638 F. Supp. 2d 303, 310 (N.D.N.Y. 2009) (quoting *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226–27 (2d Cir. 2000)). Where new issues are raised in a reply, it is in the interests of justice for the Court to allow a party to address those new material issues. *See Int'l Bus. Machs. Corp.*, 66 F.R.D. at 384; *see Bayway*, 215 F.3d at 226–27.

Defendants raised a new issue that is material to the disposition of Defendants' Motion to Dismiss. (*See* Exhibit A of the Declaration of Attorney Andrew Jacobs (co-counsel for Defendants) in support of Defendants' Reply Memorandum of Law, Jacobs Decl. Ex. A, ECF No. 27-1 (the "Jacobs' Chart").) Defendants describe Exhibit A as a "master chart of Hayuk's problematic comparisons of the Hayuk Works to the Starbucks Works." (Defs.'s Reply Mem. at 5 n.3, ECF No. 27 (the "Reply").) The Jacobs' Chart ostensibly plots comparisons made between the Hayuk Works and the Frappuccino Campaign Artwork in the Complaint and in the Opposition in an attempt to support Defendants' argument that Hayuk is seeking to protect her artistic style by aggregating the Hayuk Works. However, the Jacobs' Chart presents new material arguments that Defendants did not set forth in any of their previous filings.

The Jacobs' Chart mischaracterizes the basis of Hayuk's claims that are set forth in her Complaint and are supported in her Opposition, namely, that the Frappuccino Campaign as a whole — the entirety of print and online advertisements and other promotional materials using the Frappuccino Campaign Artwork — infringes the Hayuk Works. In her Complaint, Hayuk defines the Frappuccino Campaign Artwork as "artwork that is substantially similar to one or more of Hayuk's copyrighted Works and used . . . for the Frappuccino Campaign." (Compl. ¶ 26.) Hayuk then alleges that the Frappuccino

2

Campaign Artwork infringes the Hayuk Works. (*See, e.g.*, Counts I–X.) The Jacobs' Chart attempts to distract the Court from the evident substantial similarity between the Hayuk Works and the Frappuccino Campaign Artwork used throughout the Frappuccino Campaign by analyzing Hayuk's claims inappropriately. Indeed, to allow the Jacobs' Chart to remain unchallenged will give Defendants an unfair advantage over Hayuk.

Furthermore, Hayuk filed her Complaint while Starbucks was still running the Frappuccino Campaign in over 21,000 retail locations in 66 countries. (Compl. ¶ 28.) Defendants filed their Motion to Dismiss shortly after the Complaint was filed. Certainly, Hayuk did not, and could not have been expected to, examine each of the retail outlets in 66 countries that participated in the Frappuccino Campaign. Hayuk has not had an opportunity to do any discovery about the full extent of the worldwide Frappuccino Campaign in order to determine the magnitude of Defendants' use and possible infringement of the Hayuk Works. Nevertheless, the Jacobs' Chart implies that Hayuk found every use made by Defendants of the Hayuk Works before submitting her Complaint. This implication needs to be addressed and challenged.

In the Sur-Reply, Hayuk will directly respond to and counter the oversimplified comparisons set forth in the Jacobs' Chart by submitting her own chart to demonstrate to the Court visually, just how the Frappuccino Campaign Artwork as a whole is substantially similar to the Hayuk Works. Specifically, Hayuk will compare the Hayuk Works, the Frappuccino Campaign Artwork, and third-party works that Defendants cite in their Motion to Dismiss (*see* Defs.'s Mem. at 20, ECF No. 24) and show that Defendants did not merely use similar colors and similar geometric shapes but misappropriated Hayuk's original expression as embodied in the Hayuk Works. These visual comparisons are vital to the Court's determination of whether the Hayuk Works and the Frappuccino Campaign

Artwork are substantially similar.

Both Parties have submitted different descriptions of the competing artwork and each has accused the other of inaccurately describing the works at issue. This is an action based on the alleged infringement of works of visual art. The competing works must be examined by this Court by visually comparing the works and not just by just examining how each of the Parties described the other's work. If Hayuk is given leave to file a sur-reply, she will submit her own chart which she believes will aid the Court by clearly comparing the Hayuk Works with the Frappuccino Campaign Artwork. Hayuk is confident that her visual demonstration of the substantial similarity between the competing works will assist the Court in ruling on the pending Motion to Dismiss and help to avoid an injustice.

Hayuk respectfully requests this Court to grant her leave to file a Sur-Reply to counter the Jacobs' Chart and the inaccurate and misleading issues raised in Defendants' Reply Memorandum for the first time.

Dated: October 7, 2015

Respectfully submitted,

/s/Aaron Y. Silverstein
Aaron Y. Silverstein
Rebecca S. Lessard
Saunders & Silverstein LLP
14 Cedar Street, Suite 224
Amesbury, MA 01913
P: 978.463.9100
asilverstein@massiplaw.com

Andrew D. Epstein
Barker, Epstein & Loscocco
10 Winthrop Square, 2nd Floor
Boston, MA 02110
P: 617.482.4900
F: 617.426.5251
photolaw@aol.com

Attorneys for Plaintiff
Maya Hayuk

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2015, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF"), and paper copies will be served via first-class mail to those indicated as non-registered participants.

/s/ Aaron Y. Silverstein
Aaron Y. Silverstein
