UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
MAYA HAYUK,

                              Plaintiff,

                                 v.

STARBUCKS CORPORATION and
72ANDSUNNY PARTNERS, LLC,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No: 15-cv-04887 (LTS) (HBP)

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY

      Defendants Starbucks Corporation and 72andSunny Partners, LLC (collectively, the "Defendants") have moved to dismiss plaintiff Maya Hayuk's copyright infringement claims because, as a matter of law, her allegedly infringed works (the "Hayuk Works") are not substantially similar to the allegedly infringing works that form the basis of Hayuk's Complaint (the "Starbucks Works").  Nearly a month after the completion of briefing on Defendants' motion, Hayuk moved for leave to file a sur-reply.  Hayuk seeks to object to Defendants' method of analyzing Hayuk's claims in their reply, although she used the very same method in her opposition papers.  She also seeks to submit a new chart in which she would compare, for the third time, the Hayuk Works and the Starbucks Works.  Because Defendants' reply papers directly responded to the arguments raised in Hayuk's opposition and raised no new issues, the Court should deny Hayuk's motion.

### ARGUMENT

      "[N]either the Federal Rules of Civil Procedure nor the Local Civil Rules of this court authorize litigants to file surreplies;" rather, "the decision to permit a litigant to submit a surreply

is a matter left to the Court's discretion." *Kapiti v. Kelly*, No. 07-cv-3782, 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008).  Allowing sur-replies "is not a regular practice that courts follow," as "such a procedure has the potential for placing a court in the position of refereeing an endless volley of briefs," *Kapiti*, 2008 WL 754686, at *1 n.1 (internal quotation marks omitted).  Sur-replies should be permitted only where a reply brief "raise[s] new issues which are material to the disposition of the question before the court," or upon the *sua sponte* request of the Court.  *U.S. v. Int'l Bus. Machs. Corp.*, 66 F.R.D. 383, 384 (S.D.N.Y. 1975).[1]

      Hayuk requests a sur-reply so that she may "respond to and counter" the chart submitted by Defendants in connection with their reply (the "Jacobs Chart").  Hayuk Mem. (Dkt. 33) at 3; *see* Declaration of Andrew D. Jacobs in Further Support of Defendants' Motion to Dismiss ("Jacobs Decl.," Dkt. 27-1) Ex. A.  The Jacobs Chart summarizes the comparisons between Hayuk Works and Starbucks Works made in the Complaint and in Hayuk's opposition papers.  For example, the third row of the Jacobs Chart indicates that in the Complaint, Hayuk compares *Hands Across The Universe* to a mini Frappuccino cup, while in her opposition, she compares *Hands Across The Universe* to a Starbucks.com webpage, a Frappuccino.com webpage, and an outdoor chalkboard.  *See* Jacobs Decl. Ex. A.  The purpose of the Jacobs Chart is to illustrate Defendants' point that in her opposition, "Hayuk freely alternates the specific claims of

---

[1] Although Hayuk relies on *International Business Machines* in her memorandum of law, the case in fact militates for denial of her motion:  the court *rejected* a party's proposed reply papers because the reply discussed issues that were neither newly raised in the opposition papers nor material to the disposition of the motion.  66 F.R.D. at 383.  Significantly, Hayuk cites no case in which leave to file a sur-reply memorandum was granted.  *See* Hayuk Mem. (Dkt. 33) at 1-2 (citing *Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, 495-96 (S.D.N.Y.) (rejecting request to file sur-reply) *order vacated on other grounds*, 739 F. Supp. 209 (S.D.N.Y. 1990); *Malay v. City of Syracuse*, 638 F. Supp. 2d 303, 310 (N.D.N.Y. 2009) (no sur-reply at issue); *Bayway Refining Co. v. Oxygenated Marketing and Trading A.G.*, 215 F.3d 219 (2d Cir. 2000) (same)).

infringement asserted in the Complaint," inappropriately aggregating both her own works and the Starbucks Works.  Defs.' Reply (Dkt. 27) at 5-6.  Far from "rais[ing] new material issues" that would warrant a sur-reply, the Jacobs Chart simply restates Hayuk's own allegations and arguments.  *Int'l Bus. Machs.*, 66 F.R.D. at 384.

Hayuk argues that the Jacobs Chart necessitates a sur-reply because it "analyz[es] Hayuk's claims inappropriately," treating each comparison made by Hayuk as a discrete claim of infringement.  Hayuk Mem. (Dkt. 33) at 3.  But Defendants analyzed Hayuk's claims in precisely this manner in their opening memorandum: Defendants showed, among other things, that for each comparison made in the Complaint, the specified Hayuk Work lacked substantial similarity to the specified Starbucks Work.  *See* Defs.' Mem. (Dkt. 24) at 18, 20, 22.  In her opposition, Hayuk did not object to this method of analysis; in fact, she *adopted* it, comparing each Hayuk Work to specific Starbucks Works that allegedly infringe it.  *See* Hayuk Opp. (Dkt. 26) at 10-17.  Indeed, the Jacobs Chart exists solely to point out Hayuk's inconsistency in her use of this methodology.  By "directly respond[ing] to an issue raised in [the] opposition papers," the Jacobs Chart serves "the very purpose of reply papers."  *Travelers Ins. Co.*, 735 F. Supp. at 495-96.  It provides no cause for a sur-reply.

Hayuk also argues that a sur-reply is warranted so that she can "submit[] her own chart," which will "clearly compar[e] the Hayuk Works with the Frappuccino Campaign Artwork."  Hayuk Mot. (Dkt. 33) at 3, 4.  This argument underscores that Hayuk simply seeks another chance to show substantial similarity where none exists.  This Court's rules afforded Hayuk the opportunity to stay the briefing of the motion to dismiss so that she could amend the Complaint to add new allegedly infringing works, and Hayuk declined this opportunity.  *See* Indiv. Prac. Of Judge Laura T. Swain, Rule A.2.b.iii; Letter from A. Silverstein dated August 20, 2015 (Dkt. 25).  As a result, any comparison in Hayuk's contemplated sur-reply would be limited to the

Hayuk Works and the Starbucks Works identified in the Complaint.  *See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (motion to dismiss is "limited to the facts and allegations that are contained in the complaint and in any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits").  Hayuk has twice made this very comparison: first in the Complaint itself, and second in her opposition.  *See* Compl. (Dkt. 1) at 21; Hayuk Opp. (Dkt. 26) at 10-17.  The Jacobs Chart provides no basis to allow Hayuk to mix and match the same works a third time over, and the Court should reject Hayuk's plea for a do-over.

## CONCLUSION

For the foregoing reasons, the Court should deny Hayuk's motion for leave to file a sur-reply in further opposition to Defendants' motion to dismiss.

Dated: October 21, 2015

        FRANKFURT KURNIT KLEIN & SELZ, P.C.

        By:   /s/ Amelia K. Brankov
            Amelia K. Brankov
            Andrew D. Jacobs
        488 Madison Avenue, 10th Floor
        New York, New York 10022
        Phone:  (212) 980-0120
        Fax:  (212) 593-9175
        abrankov@fkks.com
        ajacobs@fkks.com

        *Attorneys for Defendants Starbucks Corporation and 72andSunny Partners, LLC*