UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAYA HAYUK,

        Plaintiff,

-v-                                No. 15CV4887-LTS

STARBUCKS CORPORATION and
72ANDSUNNY PARTNERS, LLC,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Maya Hayuk ("Plaintiff") brings suit against Starbucks Corporation ("Starbucks") and 72andSunny Partners, LLC ("72andSunny," together with Starbucks, "Defendants"), asserting five claims of copyright infringement against each Defendant and an additional claim of contributory infringement against 72andSunny. Plaintiff alleges that Starbucks' Frappuccino advertising campaign infringed upon her copyrighted art works. Defendants have moved to dismiss the Complaint, arguing that, as a matter of law, Defendants' allegedly infringing works are not substantially similar to Plaintiff's works.

The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

The Court heard oral argument from the parties on December 17, 2015, and has carefully considered all of the parties' arguments and submissions. For the following reasons, Defendants' motion to dismiss the Complaint is granted.

## BACKGROUND

Except as otherwise noted, the following factual summary is drawn from the Complaint.

Plaintiff is a visual artist of international renown, whose work has been exhibited in shows, featured in publications, and reported on in art-related media. (See Compl. ¶¶ 9-12.) Plaintiff is often commissioned to paint murals, and has selectively licensed her artwork for use on consumer products. (See id. ¶¶ 13-14.) Plaintiff has a unique and distinctive style that is very recognizable, and her art work is sought after by individual collectors, museums and corporations around the world. (See id. ¶ 9.)

Between 2009 and 2011, Plaintiff created the five original works of art that are the subjects of the instant litigation. The works are entitled: (1) Hands Across the Universe (Portrait of the Aura of Imam Bowie) ("Hands Across the Universe"); (2) The Universe; (3) The Universe II; (4) Sexy Gazebo; and (5) Kites #1 (collectively, the "Hayuk Works"). (See id. ¶¶ 15-19, Exs. A-D.) Plaintiff registered her copyright in each of the Hayuk Works with the United States Copyright Office between 2009 and 2011. (Id.)

The Hayuk Works are typified by the use of bold colors, geometric shapes such as rays, lines, stripes and circles, layering of colors and hues, and texture produced by dripping or layering of paint. The Court has examined carefully each of the Hayuk Works, as well as the allegedly infringing Starbucks advertising material.[1] Three of the Hayuk Works—Hands Across the Universe, The Universe, and The Universe II (together, the "Universe Works")—share similar features. (See id. Exs. A-B.) In each painting, rays of varying bright colors and varying thicknesses move away from two focal points, one on the right side and one on the left side of

---

[1] In a copyright infringement action, "the works themselves supersede and control contrary descriptions of them, including any contrary allegations, conclusions or descriptions of the works contained in the pleadings." See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 64 (2d Cir. 2010) (citations omitted).

the work. The rays increase in thickness as they move away from the two focal points, and they intersect and overlap to create an interlaced geometric diamond shape in the center. Some of the rays end in a rounded tip, with a contrasting colored circle painted inside the rounded tip. A multitude of colors is used, with orange, yellow, cyan, and magenta being the dominant colors, supplemented by small amounts of green, red, ultramarine, black, red-violet, and black-violet. The colored rays overlap in varying degrees of opacity and transparency such that some colors are visible underneath others. The works also have visible paint drip marks and scrapings.

Sexy Gazebo (id. Ex. C), is a painting on three interior surfaces of a four-sided structure. It has four focal points from which multicolored rays extend outward in all directions. The rays overlap with one another across the painting, creating a series of geometric diamond shapes. Some of the rays appear to shift or be cut off as they extend outward, creating a kaleidoscopic effect, where blocks of individual rays are interrupted or suspended on top of other rays. The colors primarily used are orange, yellow, green, cyan, magenta, blue, black, and white, some of which appear neon in quality. As in the Universe Works, the opacity and transparency of the colors vary, and paint drip marks and scrapings are visible.

Kite #1 (id. Ex. D), is a painting with a prominent, multi-colored diamond shape at the center that is produced by a dense and overlapping weave of vertical, horizontal and diagonal lines of varying thicknesses. The colored lines used overlap in varying degrees of opacity and transparency such that some colors are visible underneath others. Various colors are used, primarily orange, yellow, cyan, and magenta, supplemented by small amounts of green, red, ultramarine, black, red violet, and black-violet. There is a fairly prominent line in black on the left side of the painting. There are also visible paint drip marks and scrapings throughout.

Defendant 72andSunny is an advertising agency which, at all relevant times, was

developing an advertising and media campaign for one of its clients, Defendant Starbucks, and acted as Starbucks' agent. (Id. ¶¶ 20, 22.) On or about October 10, 2014, 72andSunny contacted Plaintiff by email to see if she was interested in creating artwork for a proposed Starbucks campaign. (Id. ¶ 21.) Prior to giving Plaintiff details of the proposed Starbucks campaign, 72andSunny asked Plaintiff to sign a Non-disclosure Agreement. (Id.) Between October 12 and October 20, Plaintiff, through her counsel, discussed the terms of the proposed Starbucks campaign with 72andSunny. (Id. ¶ 23.) On October 20, 2014, Plaintiff, through her counsel, declined the offer by email, and 72andSunny acknowledged the rejection the same day. (Id. ¶ 25.)

Plaintiff alleges that, notwithstanding her decision to decline Defendants' offer to use her artwork in its campaign for its Frappuccino product (the "Frappuccino Campaign"), Starbucks created artwork that is substantially similar to one or more of the Hayuk Works and used that substantially similar artwork for the Frappuccino Campaign. (Id. ¶ 26.) Plaintiff alleges that the Frappuccino Campaign is essentially identical to the Starbucks campaign 72andSunny proposed to Plaintiff. (Id. ¶ 27.)

The Complaint includes representative examples of the Frappuccino Campaign and the artwork that allegedly infringed the Hayuk Works, comprising artwork on Frappuccino cups, websites, and on signage at Starbucks' retail locations (together, "Frappuccino Prints"), as well as in promotional videos ("Frappuccino Videos," and, together with Frappuccino Prints, the "Frappuccino Works"). (Id. ¶ 31.) Although their specific features vary slightly, the allegedly infringing Frappuccino Prints generally consist of one or more Frappuccino cups with a green straw coming out of a domed lid shape, and colored lines radiating out from the straw that define, and cross at irregular angles within, a triangular shape whose base faces upward. (See id.

pp. 10-13, 16-18.)  Not all of the lines emanate from the straw; some begin at the sides of the triangle.  The lines also vary in thickness and the direction in which they thicken.  The design on the Frappuccino cup also includes a color-filled triangle, whose base faces upward, and the origin point of the triangle is the top of the "i" in the word "mini" at the bottom of the cup.  (Id. p. 14.)  A multitude of colors is used in the design, including blue, yellow, red, green, magenta, and purple.  The Complaint also includes screen shots from Frappuccino Videos.  Each of the videos is fifteen to sixteen seconds long, and includes an animation in which two Frappuccino chalk outlines merge into one, overlapping colored rays fill the outline, spilling out to create a triangle shape composed of non-overlapping colored rays emanating from the straw in roughly a triangular or fan shape.  (See Brankov Decl. Ex. B.)  In the next few frames, the lines explode through the straw in a jumble of colored rays that lengthen in various directions to fill the screen.  The next ten seconds consist of scenes of youth depicted as having fun in various recreational activities, such as jumping into a lake, riding skateboards, making s'mores around a bonfire on the beach, and laughing in the sun. The same animation from the beginning then reappears and the colored rays go back into a shape of a Frappuccino cup, and split into two cups.  The last few seconds each of the videos feature Starbucks promotional text, flanked by the two Frappuccinos.  The Complaint includes a screen shot of the initial Frappuccino cups being filled with the colored rays, and a screen shot of the explosion of the rays[2]  (Id. pp. 14-15.)

Plaintiff filed the instant lawsuit on June 23, 2015, asserting five claims of

---

[2] Also included in the Complaint is a screen shot of two young women drinking Frappuccinos, one of whom wears sunglasses that has lenses filled with the colored ray design.  This screen shot, however, does not come from the Frappuccino Videos and, according to Defendants, is a screen shot from a 2014 Starbucks campaign that predates the Defendants' approach of Plaintiff.

copyright infringement against each Defendant, one for each Hayuk Work, and one claim of contributory copyright infringement of the Hayuk Works against 72andSunny.  Plaintiff seeks a preliminary and permanent injunction, monetary damages, including statutory damages, and attorneys' fees and costs.

Defendants have moved to dismiss the Complaint in its entirety, arguing that Plaintiff cannot state a viable claim for infringement of her copyrights in the Hayuk Works because the allegedly infringing Frappuccino Works are not substantially similar to the Hayuk Works.

DISCUSSION

To establish copyright infringement, a plaintiff must demonstrate: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.  Feist Publications Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991).  To establish the second element, copying, a plaintiff must show that "(1) the defendant actually copied the plaintiff's work; and (2) the copying is illegal because a 'substantial similarity' exists between the defendant's work and the protectible elements of the plaintiff's work."  Streetwise Maps, Inc. v. VanDam, Inc., 159 F.3d 739, 747 (2d Cir. 1998) (citations omitted).  Here, Plaintiff does not claim that any of the Frappuccino Works is an exact copy of all or any portion of any of the Hayuk Works.  Rather, she asserts that the Frappuccino Works are substantially similar in total look and feel to some or all of the Hayuk Works.  Apart from exact copying of a portion of a work, a defendant may infringe upon a plaintiff's work by misappropriating the "total concept and feel" of the protectible elements of a particular work.  The total concept and feel test functions as a reminder that infringement of a work can occur through not only literal copying,

but through "parroting properties that are apparent only when numerous aesthetic decisions embodied in the plaintiff's work of art . . . are considered in relation to one another."  Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc., 338 F.3d 127, 134 (2d Cir. 2003).

It is, however, an axiom of copyright law that copyright does not protect "ideas," only their expression and, when "a given idea is inseparably tied to a particular expression" so that "there is a 'merger' of idea and expression," courts may deny protection to the expression "in order to avoid conferring a monopoly on the idea to which it inseparably is tied."  See Mannion v. Coors Brewing Co., 377 F. Supp. 2d 444, 455-56 (S.D.N.Y. 2005) (citation omitted).  Similarly, "raw materials" such as colors, letters, descriptive facts and "the catalogue of geometric forms" are a part of the public domain, and not protectible.  See Tufenkian, 338 F.3d at 132.

The standard test for substantial similarity, also known as the "ordinary observer test," asks whether "an ordinary observer, unless he set out to detect the disparities [between the works], would be disposed to overlook them, and regard [the] aesthetic appeal as the same."  Peter F. Gaito Architecture LLC v. Simone Dev. Corp., 602 F.3d 57, 66 (2d Cir. 2010) (internal quotation marks and citation omitted).  Where faced with works "that have both protectible and unprotectible elements," the analysis must be "more discerning," and involves an "attempt to extract the unprotectible elements from . . . consideration and ask[s] whether the protectible elements, standing alone, are substantially similar."  Id. (internal quotation marks and citations omitted).  The Second Circuit has cautioned that the "more discerning" test is not a directive to "dissect [the works] into their separate components" and simply compare only those elements which are in themselves copyrightable.  Id.  The inquiry remains principally guided by a comparison of the "total concept and overall feel" of the works in question and, in the end,

"necessarily focuses on whether the alleged infringer has misappropriated the original way in which the author has selected, coordinated, and arranged the elements of his or her work." Id. (internal quotation marks and citations omitted). At the same time, the "total concept and feel" inquiry "is not carte blanche to rest findings of infringement on vague or amorphous determinations." Mena v. Fox Entm't Grp., Inc., No. 11 Civ. 5501, 2012 WL 47441389, at *6 (S.D.N.Y. Sept. 29, 2012).

Where the works in question are attached to a plaintiff's complaint, "it is entirely appropriate for the district court to consider the similarity between the works in connection with a motion to dismiss, because the court has all that is necessary to make such an evaluation." Peter F. Gaito Architecture, 602 F.3d at 64. If the court determines, upon a visual comparison of the works, that "the similarity between two works concerns only non-copyrightable elements of the plaintiff's work, or [that] no reasonable jury, properly instructed, could find [that] the two works are substantially similar," a court may dismiss a copyright infringement complaint upon a Rule 12(b)(6) motion. Id.

Plaintiff urges the Court to apply the "ordinary observer" test, asserting that "the Hayuk Works are not composed of unpreotecable [sic] elements - they are fine art, creations of pure imagination" and "incapable of being parsed into protectable and unprotectable elements." (Pl. Opp. 6.) The mere status of being "fine art," assuming the Hayuk Works to be such, does not, however, confer automatic protection over the entirety of the works, and Plaintiff cites no authority to support this proposition. Indeed, courts routinely have distinguished protectible and unprotectible elements in analyzing claims for infringement of works of "fine art." See, e.g., Dean v. Cameron, 53 F. Supp. 3d 641, 648 (S.D.N.Y. 2014) (comparing paintings to the movie Avatar). The Hayuk Works make use of standard geometric forms such as circles, lines and

rays, as well as colors and textures. Those basic elements of artistic creation are not protectible, and the "more discerning" observer test therefore applies. See Tufenkian, 338 F.3d at 132. Application of the "more discerning" observer test requires inquiry into whether "the protectible elements, standing alone, are substantially similar" to the allegedly infringing work. See William v. Crichton, 84 F.3d 581, 588 (2d Cir. 1996) (quoting Knitwaves, Inc. v. Lollytogs Ltd., 71 F.3d 996, 1002 (2d Cir. 1995) (internal quotation marks omitted)). The Court is mindful, however, that in comparing the "total concept and feel" of the protectible elements of the work—i.e. "the original way in which the author has selected, coordinated, and arranged the elements of [] her work"—the Court should not view the work as broken down into its component parts. See Peter F. Gaito Architecture, 602 F.3d at 66.

  Plaintiff's Complaint, in addition to including reproductions of the Hayuk Works in their entirety, also includes a side-by-side comparison of some of the Frappuccino Works to cropped and rotated versions of each of the Hayuk Works. (See Compl. p. 21; see also Brankov Decl. Ex. C.) However, Plaintiff does not allege nor contend that Defendants are only infringing upon sub-portions of the Hayuk Works. Rather, Plaintiff asserts that the Frappuccino Works appropriate the "total concept and feel" of the Hayuk Works in their entirety. (See Pl. Opp. 9-22.) Plaintiff also admits that Defendants have not created "carbon copies" of the Hayuk Works. She contends that they have infringed her copyrights by misappropriating what she characterizes as the "core" of her works. (See Pl. Opp. 21-22).

  Plaintiff has not cited precedent for the notion that appropriation of the "core" of a work or set of works—as opposed to a demonstration that an inexact copy is substantially similar to a particular copyrighted work—is a proper basis for a finding of a copyright violation. Nor has she explained how her artistic "core" appropriation concept differs from an assertion

that Defendants have copied her style or elements of her ideas, neither of which are protected by copyright law.  See Judith Ripka Designs, Ltd., 935 F. Supp. 237, 248 (S.D.N.Y. 1996); see also Kroencke v. Gen. Motors Corp., 99 F. App'x 339, 340 (2d Cir. 2004).  Rather, copyright law protects particular expressions of ideas.  See Crichton, 84 F.3d at 587; Tufenkian, 338 F.3d at 132 n.4 ("Not everything original to a copyrighted work is protected.  Thus, for example, because copyright law defends only 'expressions' and not 'ideas,' the concepts underlying an expression, however ingenious, remain free for anyone's taking.") Moreover, where "a given idea is inseparably tied to a particular expression" copyright protection to the expression may be denied "in order to avoid conferring a monopoly on the idea to which it inseparably is tied." Mannion, 377 F. Supp. 2d at 455-56 (citation omitted).  Plaintiff's claims must therefore fail to the extent they are premised on the notion of appropriation of the "core" of her works and are not supported by a demonstration that particular Frappuccino Works are substantially similar to particular Hayuk Works.

        Nor can Plaintiff state a viable copyright infringement claim by asserting that particular Frappuccino Works are substantially similar to isolated portions of the Hayuk Works, as she does in presenting her comparisons of Frappuccino Works to cropped and rotated images of areas of various Hayuk Works.  (See, e.g., Compl. at p. 21.)  Plaintiff's position in this regard finds no support in this Circuit's case law, which confirms that the "<u>total</u> concept and feel" standard means what it says—the ultimate question is whether, in light of similarities between the protectible aspects of a plaintiff's work and the allegedly infringing work, the concept and feel of the works as a whole is substantially similar.  See Crichton, 84 F.3d at 590 ("a scattershot approach cannot support a finding of substantial similarity because it fails to address the underlying issue: whether a lay observer would consider the works as a whole substantially

similar to one another"); Dean, 53 F. Supp. 3d at 648 (rotating and cropping to "bolster an infringement claim" is improper). Indeed, the Plaintiff's proposed test stands at odds with numerous cases in this district where courts, in applying the substantial similarity test, have found certain similarities to exist as to portions of an allegedly infringing work, but nonetheless held that substantial similarity did not exist because of overwhelming dissimilarities in the works when compared in "total concept and overall feel." See, e.g., Klauber Bros., Inc. v. Bon-Ton Stores, Inc., 557 F. App'x 77, 80 (2d Cir. 2014) (finding existence of "similar elements," but nonetheless concluding that substantial similarity was lacking because of the dissimilarities); Kroencke v. Gen. Motors Corp., 99 F. App'x 339, 340 (2d Cir. 2004) (despite sharing "a general stylistic sense" and certain similarities, the "total look and feel" of defendant's advertisement and plaintiff's works were very different); Dean, 53 F. Supp. 3d at 648-49 (despite acknowledging that images were "indisputably similar," court found that "differences between each of [the] works . . . overwhelm any superficial similarity.").

Applying this standard, the Court finds, as a matter of law, that none of the Frappuccino Works is substantially similar to "the total concept and feel" of protectible elements of any of the Hayuk Works. Although the two sets of works can be said to share the use of overlapping colored rays in a general sense, such elements fall into the unprotectible category of "raw materials" or ideas in the public domain. The far more dominant dissimilarities in the specific aesthetic choices embodied in the particular works distinguish them in total concept and feel and preclude a finding of substantial similarity. For example, Plaintiff demonstrates, through rotating and cropping, that certain angles used in Frappuccino Works create triangular or fan-like patterns that can also be found by studying isolated areas of the Hayuk Works. None of the Frappuccino Works, however, employs those patterns in a work that, like the Universe

Works, combines lines and rounded shapes to present a diamond shaped center impression, the component rays of which terminate in rounded shapes containing planet-like circles that surround the central diamond shape. None of the Frappucino works presents, like Kites #1, an impression of a central quadrilateral formed by intersecting rays and lines. Nor does any of the Frappuccino Works combine physical angles and painted rays and lines to present a total look and feel of diamond shapes intersecting in an inexact manner, as in Plaintiff's Sexy Gazebo. Plaintiff's attempt to compare animations of intersecting lines in the Frappuccino Videos with her own static works likewise fails to demonstrate any substantial similarity of the kinetic video images to the total look, concept and feel of any of the Hayuk Works.

As the Second Circuit concluded in affirming the dismissal of the complaint in Peter F. Gaito Architecture, "it cannot be said that defendants misappropriated plaintiff['s] specific 'personal expression' . . . , but instead [defendants] merely used the unprotectable concepts and ideas contained in plaintiff['s] designs." Id. at 69; see also Klauber Bros., 557 F. App'x at 80 (affirming motion to dismiss where two designs "employ similar elements - curling sprigs, leaves, and flowers - placed in a similar spatial arrangement," but did not "convey a substantially similar aesthetic appeal"); Dean, 53 F. Supp. at 649-50 (finding that similarities in works "relate[d] to elements that are unprotected, such as ideas . . . or features taken from nature," but that "differences . . . overwhelm any superficial similarity").[3]

---

[3] Cases cited by Plaintiff to support the proposition that dissimilarity between some aspects of the works will not automatically relieve the infringer of liability do not compel a contrary conclusion here. In Crichton, the court found that "nearly all the similarities between the works arise from noncopyrightable elements, and thus the district court correctly concluded that the works are not substantially similar." 84 F.3d at 588. In Burroughs v. Metro-Goldwyn-Mayer, Inc., the court, in a footnote cited by Plaintiff, stated that "copyright infringement may occur by reason of a substantial similarity that involves only a small portion of each work,"

Likewise, what the Plaintiff has described as the "core" of her work in the aggregate, namely the use of overlapping colored rays, and colors and shapes, is tantamount to a set of unprotectible concepts or methods over which there can be no copyright monopoly conferred.  See Mannion, 377 F. Supp. 2d at 455-56.  The total concept and feel of the protectible expression of those ideas in the Hayuk Works and the expression of those ideas in the Frappuccino Works are not substantially similar.  As explained above, the differences between each of the Hayuk Works and each of the Frappuccino Works "overwhelm any superficial similarity."  See Dean, 53 F. Supp. 3d at 650.  No reasonable jury, properly instructed, could find the works substantially similar.  See Peter F. Gaito Architecture, 602 F.3d at 64.  Plaintiff has thus failed to allege facts framing plausibly any cause of action for copyright infringement and her Complaint fails to state any direct infringement claim upon which relief may be granted.  Because the Court finds that there is no claim stated for direct copyright infringement, Plaintiff's claim against 72andSunny for contributory infringement also must be dismissed.  See Faulkner v. Nat'l Geographic Enter. Inc., 409 F.3d 26, 40 (2d Cir. 2005).

---

but went on to find that an intermediate work was not so similar to the cited small portion of the original work that it would have constituted infringement.  683 F.2d 610, 624 n. 14 (2d Cir. 1982).  Moreover, as explained above, where inexact copying is alleged, the proper test is substantial similarity as to the total concept and feel of the entire work.  (See supra pp. 10-11.)

## CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss the Complaint is granted, and the Complaint is dismissed in its entirety. This Memorandum Opinion and Order resolves docket entry number 22. The Clerk of Court is directed to enter judgment in Defendants' favor and close the case.

Dated: New York, New York
January 12, 2016

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge