UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAYA HAYUK,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>STARBUCKS CORPORATION and<br>72ANDSUNNY PARTNERS, LLC,<br><br>　　　　　　　　Defendants. | Civil Action No. 15-cv-04887-LTS |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION
TO ALTER OR AMEND JUDGMENT UNDER FED. R. CIV. P. 59(e)**

Plaintiff Maya Hayuk ("Hayuk") hereby submits this memorandum in support of her motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3. Specifically, Hayuk requests that the Court alter or amend its determination that Defendants' works are not substantially similar to Plaintiff's works as a matter of law. (Mem. Op. & Order, January 12, 2016, ECF No. 37 ("Order").)

**I. STANDARD OF REVIEW**

The standards for relief under Rule 59(e) and Local Civil Rule 6.3 are identical. *R.F.M.A.S., Inc. v. So*, 740 F.Supp. 2d 506, 509 (S.D.N.Y. 2009); *Williams v. N.Y. City Dep't of Corr.*, 219 F.R.D. 78, 83 (S.D.N.Y. 2003). Under Rule 59(e), a court may alter or amend an otherwise final judgment "to correct a clear error of law or prevent manifest injustice." *Munafo v. Metro Trans. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004); *see Virgin Atl. Airlines, Ltd. v. Nat'l Medication Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are . . . the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.") (internal quotation marks omitted). Granting a motion to alter or amend is also appropriate where the moving party "demonstrate[s]

1

that the Court overlooked controlling decisions or factual matters that were put forth before it on the underlying motion, which had they been considered might reasonably have altered the result reached by the court." *SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F.Supp. 2d 206, 210 (S.D.N.Y. 2009) (internal quotation marks omitted).

## II. ARGUMENT

### A. The Court Overlooked Governing Case Law.

Hayuk seeks reconsideration based upon controlling case law that was presented to the Court and might reasonably be expected to alter the Court's decision. Specifically, the Court overlooked key decisions in the Second Circuit when it concluded that none of Defendants' Frappuccino Works are "substantially similar to the 'total concept and feel' of protectable elements of any of the Hayuk Works." (Order 11.)

In the Complaint, Hayuk alleges that the Frappuccino Works were "substantially similar to" and "derivative" copies of the Hayuk Works. (*See, e.g.*, Compl. ¶¶ 33, 34, ECF No. 1.) Hayuk did not nor was she required to allege that the Frappuccino Works are exact copies of the Hayuk Works. This circuit has long recognized that inexact copies "alter the prior image yet mimic its structure in some fashion." *Tufenkian Imp./Exp. Ventures Inc. v. Einstein Moomjy Inc.*, 338 F.3d 127, 133 (2d Cir. 2003). Indeed, this very Court similarly recognized that "two fabric designs do not have to be identical to be strikingly similar." *MPD Accessories B.V. v. Urban Outfitters, Inc.*, No. 12 Civ. 6501, 2014 WL 2440683, at *6 (S.D.N.Y. May 30, 2014)[1] (quoting *Prince Grp., Inc. v. MTS Prods.*, 967 F.Supp. 121, 126 (S.D.N.Y. 1997) (internal quotation marks omitted). The Hayuk Works and Frappuccino Works should have been analyzed accordingly.

Throughout review and discussion of Defendants' underlying motion to dismiss, Hayuk showed the Court the manner in which the Frappuccino Works mimic the protectable expression

---

[1] Plaintiff's counsel referenced *MPD Accessories B.V. v. Urban Outfitters, Inc.*, No. 12 Civ. 6501, 2014 WL 2440683 (S.D.N.Y. May 30, 2014) at Oral Argument. (Oral Argument Tr. 15:8–:16; 18:6–:8.)

embodied in the Hayuk Works. Hayuk "identif[ied] precisely the particular aesthetic decisions — original to the plaintiff and copied by the defendant — that might be thought to make the designs similar in the aggregate." *Tufenkian*, 338 F.3d at 134. For example, Hayuk identified the use of discernible texture; color palettes; opacity and transparency of paint; and intersecting or overlapping rays that, in the aggregate, create her unique expression as embodied in each of the Hayuk Works. (*See, e.g.*, Pl.'s Mem. in Opp. to Defs.' Mot. to Dismiss 14, ECF No. 26 ("Pl.'s Opp.").) She then demonstrated how Defendants parroted Hayuk's protected expression in the Frappuccino Works. (*See, e.g.*, Pl.'s Opp. 10–12.)

Hayuk presented the Court with sufficient support to find, at the very least, that Hayuk's allegations of substantial similarity are sufficiently plausible to overcome Defendants' motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). In making a contrary finding, the Court failed to follow the reasoning set forth in controlling decisions presented to the Court, including, for example, *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996 (2d Cir. 1995), where the court concluded that the defendant's sweater designs were substantially similar to the plaintiff's sweater designs. The Second Circuit in *Knitwaves* said that

> [Defendant] Lollytogs has chosen to feature the same two fall symbols that [plaintiff] Knitwaves used, leaves and squirrels. Lollytogs' renderings of these symbols substantially resemble Knitwaves' renderings, but Lollytogs has employed them in virtually the same manner as Knitwaves has (as felt appliques stitched to the sweaters' surface); on strikingly similar backgrounds ("shadow-striped" for the Leaf Sweater, and four-paneled for the Squirrel Cardigan); and in virtually the same color scheme.

*Knitwaves*, 71 F.3d at 1004.

In this Action, Defendants used geometric rays in the Frappuccino Works in substantially the same way that Hayuk used her rays, by overlapping and intersecting them with each other. Defendants also applied virtually identical painting techniques to their rays as did Hayuk, such as scraping and layering of paint; discernible texture; and opacity and transparency of paint, using

3

virtually the same color scheme and arranged in a manner that is substantially similar to the unique selection and arrangement as in the Hayuk Works.

The Court, however, relied upon case law that does not apply to the circumstances of the instant Action. The Hayuk Works are works of abstract visual art that upon inspection with good eyes and common sense are clearly similar to the Frappuccino Works. Instead, the Court relied on cases in which the allegedly infringed and the allegedly infringing works are — even with a perfunctory comparison — clearly not substantially similar. *See, e.g.*, *Klauber Bros., Inc. v. Bon-Ton Stores, Inc.*, 557 Fed. App'x 77, 80 (2d Cir. 2014) (comparing lace patters composed of works of nature, namely, leaves and flowers, "While Klauber's designs appear delicate and ornate, with the dominant element being the semicircles formed by the curling sprigs, Bon-Ton's design conveys a more rudimentary and abstract feel, with the dominant element being the straight portions of the sprigs."); *Dean v. Cameron*, 53 F.Supp. 3d 641, 650) (S.D.N.Y. 2014) (comparing illustrations of fantastical landscapes, "[T]he differences between [plaintiff's and defendant's] works overwhelm any superficial similarity."); *Kroencke v. Gen. Motors Corp.*, 270 F.Supp. 2d 411, 443 (S.D.N.Y. 2003) (comparing graphic illustrations for advertisements, "Even a cursory comparison of [the two works] reveals a patent lack of substantial similarity."). Influenced by these decisions that are distinguishable from the instant case, the Court dismissed this Action and found that there was no substantial similarity between the Frappuccino Works and the Hayuk Works.

This Court also ruled that Hayuk cannot state a viable claim for copyright infringement "by asserting that particular Frappuccino Works are substantially similar to isolated portions of the Hayuk Works as she does in presenting her comparisons of Frappuccino Works to cropped and rotated images of various Hayuk Works." (Order 10.) If this were the law, a would-be infringer could simply limit the quantity of a particular work that is taken to say 30% of the whole and escape liability. Whether the quantity and quality of the work that Hayuk alleges that Defendants

appropriated is sufficient to establish substantial similarity to her work as a whole, is a question that should be reserved for summary judgment or for trial.

### **B. The Court Ignored Evidence Referenced in the Complaint and at Oral Argument (the Deck).**

In addition, the Court failed to take into consideration relevant evidence and information Defendants supplied to Hayuk when they approached her about working on the Frappuccino Campaign, specifically the "Deck" or the visual concept for the Frappuccino Campaign. As stated in the Complaint, the Deck was, and currently remains covered by a Nondisclosure Agreement. (*See* Compl. ¶ 27.) Hayuk requests that the Court consider the Deck as part of this Motion[2]. A redacted version is attached hereto as Exhibit A.

Nevertheless, even without seeing a copy of the Deck, the Complaint states that the Defendant's artwork in the Deck is "essentially identical" to the Frappuccino Works. (Compl. ¶ 27.) Plaintiff's counsel reiterated this at Oral Argument, stating, "We have alleged that there is similarity between what's in the deck and what ultimately occurred in the frappuccino campaign [sic]." (Oral Argument Tr. 16:20–:22.)

This Court previously observed in *MPD Accessories* that "[t]wo works are considered strikingly similar if creation of one is so dependent on the other as to preclude the possibility of independent creation." 2014 WL 2440683, at *6 (internal citations and quotation marks omitted). A similar analysis is appropriate for this Action. What the Court will see if it considers the Deck is that Defendants used several of Hayuk's works, including a number of the Hayuk Works, as the basis for the proposed Frappuccino Campaign. It is highly unlikely that Defendants could have independently created the Frappuccino Works without copying extensively from portions of the Hayuk Works. Whether Defendants copied enough of the Hayuk Works to constitute copyright infringement is

---

[2] Simultaneously with the filing of this Motion, Plaintiff will be asking that the court to allow the Deck to be filed in this Action under seal.

better reserved for summary judgment or trial after Plaintiff deposes individuals such as the account executive, art director and artist behind the Frappuccino Works.

While an examination of the Deck would give the Court a visual appreciation of the origin and basis of the Frappuccino Works, such an examination is not necessary under a Rule 12(b)(6) motion because this court is required to accept as true, Hayuk's allegation that Plaintiff's artwork in the Deck is "essentially identical" to the Frappuccino Works. (Compl. ¶ 27.) Regardless, even if the Deck is not germane to show substantial similarity between the Frappuccino Works and the Hayuk Works, it is highly relevant to the fact that all the Defendants ever wanted to use were small portions of the Hayuk Works, which Defendants themselves cropped and rotated in their original presentation to Hayuk. In one example from the Deck which was closely mimicked in one of the Frappuccino Works, Defendants cropped and rotated a portion of one of Hayuk's "Universe" series of works showing the rays in a "V" formation as if they emanated from a straw inserted in a coffee cup. With the Deck as background information, Hayuk submits that she has made a plausible showing that Defendants' creation of the Frappuccino Works was so dependent on the Hayuk Works as to preclude the possibility of independent creation.

**III. Conclusion**

For the foregoing reasons, Plaintiff Maya Hayuk respectfully requests that the court alter or amend its judgment that the Frappuccino Works and Hayuk Works are not substantially similar as a matter of law, and allow this case to proceed to discovery.

Respectfully submitted,

Date: February 9, 2016 /s/ Aaron Y. Silverstein
Aaron Y. Silverstein
Rebecca S. Lessard
Saunders & Silverstein LLP
14 Cedar Street, Suite 224
Amesbury, MA 01913
P: 978-463-9100
asilverstein@massiplaw.com
rlessard@massiplaw.com

Andrew D. Epstein
Barker, Epstein & Loscocco
10 Winthrop Square, 2nd Floor
Boston, MA 02100
P: 617-482-4900
photolaw@aol.com

Attorneys for Plaintiff
Maya Hayuk

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2016, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF"), and paper copies will be served via first-class mail to those indicated as non-registered participants.

/s/ Aaron Y. Silverstein
Aaron Y. Silverstein