UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
MAYA HAYUK,                                     :
                                                :
                Plaintiff,             :   Case No: 15-cv-04887 (LTS) (HBP)
                                                :
        v.                                  :
                                                :
STARBUCKS CORPORATION and                       :
72ANDSUNNY PARTNERS, LLC,                       :
                                                :
                Defendants.            :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION TO ALTER OR AMEND THE JUDGMENT**

FRANKFURT KURNIT KLEIN & SELZ, P.C.
Amelia K. Brankov
Andrew D. Jacobs
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone:  (212) 980-0120
Fax:  (212) 593-9175

*Attorneys for Defendants
Starbucks Corporation and
72andSunny Partners, LLC*

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ................................................2

ARGUMENT .................................................................................................................................3

THERE IS NO BASIS FOR RECONSIDERATION OF THE ORDER AND
JUDGMENT ..................................................................................................................................3

I.      THE COURT MADE NO ERROR OF LAW ...................................................................5

II.     THE COURT MADE NO ERROR OF FACT ..................................................................7

        A.      The Court Should Strike the Deck from Consideration On This Motion ...............7

        B.      The Deck Provides No Basis for Reconsideration...................................................9

CONCLUSION.............................................................................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Andersson v. Sony Corp.*,
   No. 96-cv-7975, 1997 WL 226310 (S.D.N.Y. May 2, 1997) .................................................10

*Antonmarchi v. Consol. Edison Co. of N.Y.*,
   No. 03-cv-7735, 2009 WL 1069161 (S.D.N.Y. Apr. 17, 2009) (Swain, J.) ..................... 4, 5, 8

*Arias v. Mutual Central Alarm Servs., Inc.*,
   No. 96-cv-8447, 1999 WL 1337571 (S.D.N.Y. Jan. 22, 1999) ................................................8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................................7

*Bill Diodato Photography, LLC v. Kate Spade, LLC*,
   388 F. Supp. 2d 382 (S.D.N.Y. 2005) ...................................................................................10

*Briese Lichttechnik Vertriebs GmbH v. Langton*,
   No. 09-cv-9790, 2013 WL 498812 (S.D.N.Y. Feb. 11, 2013) (Swain, J.) ...............................4

*Dean v. Cameron*,
   53 F. Supp. 3d 641 (S.D.N.Y. 2014) .......................................................................................6

*Folio Impressions, Inc. v. Byer California*,
   937 F.2d 759 (2d Cir. 1991) ..................................................................................................11

*Gaste v. Kaiserman*,
   863 F.2d 1061 (2d Cir. 1988) ................................................................................................11

*Klauber Bros., Inc. v. Bon-Ton Stores, Inc.*,
   557 F. App'x 77 (2d Cir. 2014) ...............................................................................................6

*Knitwaves, Inc. v. LollyTogs Ltd.*,
   71 F.3d 996 (2d Cir. 1995) ..................................................................................................5, 6

*Kroencke v. Gen. Motors Corp.*,
   270 F. Supp. 2d 441 (S.D.N.Y. 2003) .....................................................................................6

*MPD Accessories B.V. v. Urban Outfitters*,
   No. 12-cv-6501, 2014 WL 2440683 (S.D.N.Y. May 30, 2014) ......................................11, 12

*Muller v. Anderson*,
   501 F. App'x 81 (2d Cir. 2012) .............................................................................................11

*Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc.*,
    265 F.3d 97 (2d Cir. 2001) ................................................................................................4

*Parrish v. Sollecito*,
    253 F. Supp. 2d 713 (S.D.N.Y. 2003) ............................................................................4, 6

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
    602 F.3d 57 (2d Cir. 2010) ................................................................................................7

*Quartararo v. Catterson*,
    73 F. Supp. 2d 270 (E.D.N.Y. 1999) .................................................................................8

*Rafter v. Liddle*,
    288 F. App'x 768 (2d Cir. 2008) .......................................................................................9

*Ralph Oldsmobile Inc. v. General Motors Corp.*,
    No. 99-cv-4567, 2001 WL 55729 (S.D.N.Y. Jan. 23, 2001) .............................................8

*Range Road Music, Inc. v. Music Sales Corp.*,
    90 F. Supp. 2d 390 (S.D.N.Y. 2000) .................................................................................4

*Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy Inc.*,
    338 F.3d 127 (2d Cir. 2003) ..............................................................................................5

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
    956 F.2d 1245 (2d Cir. 1992) ............................................................................................4

*Wallace Wood Properties v. Wood*,
    No. 14-cv-8597, 2015 WL 7779282 (S.D.N.Y. Dec. 2, 2015) (Swain, J.) .......................3

*Zalewski v. Cicero Builder Dev., Inc.*,
    754 F.3d 95 (2d Cir. 2014) ..........................................................................................9, 10

**Other Authorities**

Local Rule 6.3 ........................................................................................................*passim*

Fed. R. Civ. P. 12(b)(6) ...................................................................................................2

Fed. R. Civ. P. 59(e) .......................................................................................*passim*

Defendants Starbucks Corporation ("Starbucks") and 72andSunny Partners, LLC ("72andSunny," and with Starbucks, "Defendants") submit this memorandum of law in opposition to the motion of plaintiff Maya Hayuk ("Hayuk") to alter or amend the Court's judgment under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)") and for reconsideration under Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 6.3").

## PRELIMINARY STATEMENT

This case is closed:  on January 12, 2016, the Court dismissed Hayuk's Complaint in its entirety and entered judgment in favor of Defendants.  Hayuk now seeks to revive her action through the extraordinary remedy found in Rule 59(e) and Local Rule 6.3.  But Hayuk has not identified *any* fault in the Court's disposition, let alone the clear error or manifest injustice required for relief under Rule 59(e) and Local Rule 6.3.

Hayuk makes two attempts to justify her motion, both of which fail.  *First*, Hayuk baselessly attacks the Court's legal analysis, asserting positions that have no support in the case law, claiming the Court ignored cases upon which it actually relied, and objecting to the Court's application of the law without any analysis.  *Second*, Hayuk argues that the Court "ignored" evidence that Hayuk chose not to put before it until now, namely a presentation that Defendants allegedly sent Hayuk in October 2014.  This document is not "newly discovered," as required for consideration under Rule 59(e), and its submission also violates Local Rule 6.3's express prohibition of new factual material.  Putting these infirmities aside, the document has absolutely no bearing on the issue of substantial similarity, the sole basis for the Court's dismissal of this action.  For all these reasons, the Court should strike Hayuk's newly submitted evidence and deny Hayuk's motion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Hayuk commenced this action on June 23, 2015, alleging that Defendants infringed the copyrights in five of her artworks (the "Hayuk Works") through various advertisements created in connection with a promotional campaign for the Starbucks Frappuccino (the "Frappuccino Works"). *See* Complaint (Dkt. No. 1). On August 17, 2015, Defendants moved to dismiss Hayuk's claims under Rule 12(b)(6), arguing that Hayuk had failed to state a claim for copyright infringement because the Hayuk Works are not substantially similar to the Frappuccino Works as a matter of law. *See* Dkt. Nos. 22-24.

On January 12, 2016, the Court granted Defendants' motion, dismissing the Complaint in its entirety and entering judgment in favor of Defendants. *See* Judgment, Dkt. No. 38 (the "Judgment"). In its Memorandum Opinion and Order (the "Order," Dkt. No. 37), the Court first set forth the standard of substantial similarity and determined that the "more discerning observer" variation of the standard is applicable here. Order at 6-9. The Court noted that "Plaintiff's claims must . . . fail to the extent they are premised on the notion of appropriation of the 'core' of her works," rather than "a demonstration that particular Frappuccino Works are substantially similar to particular Hayuk Works." *Id.* at 10. It also rejected Hayuk's attempt to state a claim "by asserting that particular Frappuccino Works are substantially similar to isolated portions of the Hayuk Works," rather than the "total concept and feel" of the respective works. *Id.* at 10-11.

Applying the substantial similarity standard, the Court held, "as a matter of law, that none of the Frappuccino Works is substantially similar to 'the total concept and feel' of protectible elements of any of the Hayuk Works." *Id.* at 11. In so holding, the Court analyzed the works in detail, concluding that "the differences between each of the Hayuk Works and each of the

2

Frappuccino Works 'overwhelm any superficial similarity'" and that "what [Hayuk] has described as the 'core' of her work . . . is tantamount to a set of unprotectible concepts or methods or methods over which there can be no copyright monopoly conferred." *Id.* at 13. Because "[n]o reasonable jury, properly instructed, could find the works substantially similar," the Court dismissed Hayuk's claims in their entirety. *Id.*

Hayuk brought the instant motion on February 8, 2016, seeking alteration or amendment of the Judgment and reconsideration of the Order on the basis that the Court overlooked controlling decisions and factual matters that would have changed its determination. *See* Plaintiff's Memorandum in Support of Motion to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e) ("Hayuk Mem.," Dkt. No. 46). At the same time, Hayuk sought leave to submit under a seal a document she describes as "the visual concept for the Frappuccino Campaign that Defendants presented to Ms. Hayuk when they approached her to create original artwork for the Frappuccino Campaign" (the "Deck"). Dkt. No. 44 at 1. Hayuk asserts that the Deck is relevant to the instant motion and that a non-disclosure agreement prevents its public disclosure. *See id.* at 1-2. On February 9, 2016, the Court granted Hayuk's request for permission to file the Deck under seal, and Hayuk did so on February 16, 2016. *See* Dkt. Nos. 47, 48.

**ARGUMENT**

**THERE IS NO BASIS FOR RECONSIDERATION OF THE ORDER AND JUDGMENT**

"Reconsideration under Rule 59(e) 'is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Wallace Wood Properties v. Wood*, No. 14-cv-8597, 2015 WL 7779282, at *2 (S.D.N.Y. Dec. 2, 2015) (Swain, J.) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y.

3

2000)).[1]  Such motions are "not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues already decided." *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003); *see also Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) ("[Rule 59(e)] motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court."). These standards are strict to ensure the finality of decisions and to "prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Id.* at 392 (quoting *Carolco Pictures Inc. v. Sirota,* 700 F. Supp. 169, 170 (S.D.N.Y. 1988)).

Accordingly, the party moving for reconsideration bears the heavy burden of showing "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992); *Briese Lichttechnik Vertriebs GmbH v. Langton*, No. 09-cv-9790, 2013 WL 498812, at *1 (S.D.N.Y. Feb. 11, 2013) (Swain, J.).  In attempting to make this showing, a movant may not "advance new facts . . . not previously presented to the Court." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc.*, 265 F.3d 97, 115 (2d Cir. 2001) (citation omitted).  Indeed, Local Rule 6.3 expressly prohibits affidavits from being filed in a motion for reconsideration unless directed by the Court.  Instead, "[a] court shall only consider newly-

---

[1] The same standard applies to the extent Hayuk has moved under Local Rule 6.3. *See Antonmarchi v. Consol. Edison Co. of N.Y.*, No. 03-cv-7735, 2009 WL 1069161, at *1 (S.D.N.Y. Apr. 17, 2009) (Swain, J.) ("Applications to alter or amend judgments under Federal Rule of Civil Procedure 59(e) or for reconsideration under Local Rule 6.3 are evaluated under the same standard.") (citing *Williams v. N.Y. City Dep't of Corr.*, 219 F.R.D. 78, 83 (S.D.N.Y. 2003)).

submitted evidence on a motion for reconsideration if the evidence is newly discovered or could not have been found by due diligence." *Antonmarchi*, 2009 WL 1069161, at *1 (internal quotation marks and alterations omitted). Hayuk has failed to meet this heavy burden.

## I.
## THE COURT MADE NO ERROR OF LAW

In arguing that the Court "overlooked key decisions in the Second Circuit," Hayuk presents a smattering of meritless and conclusory arguments regarding the Order. Hayuk first claims that the Court failed to recognize that the Frappuccino Works need not be "exact copies of the Hayuk Works" in order to be substantially similar to them. Hayuk Mem. at 2 (citing *Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy Inc.*, 338 F.3d 127, 133 (2d Cir. 2003)). But the Court expressly based its substantial similarity analysis on this principle, relying on the very case that Hayuk claims it overlooked:

> The total concept and feel test functions as a reminder that ***infringement of a work can occur through not only literal copying***, but through 'parroting properties that are apparent only when numerous aesthetic decisions embodied in the plaintiff's work of art . . . are considered in relation to one another.'

Order at 7 (quoting *Tufenkian Imp./Exp. Ventures, Inc.*, 338 F.3d at 134) (emphasis added).

Having failed to show an error in the Court's statement of the substantial similarity test, Hayuk then takes issue with the Court's application of it. She asserts that "the Court failed to follow the reasoning set forth" in *Knitwaves, Inc. v. LollyTogs Ltd.*, 71 F.3d 996 (2d Cir. 1995), in which the court held that the defendant's sweater designs infringed on plaintiff's designs due to "the overwhelming similarity of the sweaters' 'total concept and feel.'" *Id.* at 1004. Hayuk identifies no "reasoning" in *Knitwaves* that the Court failed to follow; instead, she objects to the fact that here, the Court applied the "total concept and feel" test to a different set of works and reached a different result. But Hayuk does not explain the factual similarity between the two cases that would demand the same result. In reality, the works at issue in *Knitwaves* – highly

5

representational "squirrel" and "leaf" appliques – share nothing with the abstract designs and basic shapes at issue here.  *See id.* at 1000-01.

Continuing her attack on the Order, Hayuk insists that she *has* "demonstrate[ed] how Defendants parroted Hayuk's protected expression in the Frappuccino Works," and she distinguishes unfavorable precedents cited in the Order on the sole basis that in those cases, unlike hers, the works were "clearly not substantially similar."  Hayuk Mem. at 3-4 (citing *Klauber Bros., Inc. v. Bon-Ton Stores, Inc.*, 557 F. App'x 77, 80 (2d Cir. 2014); *Dean v. Cameron*, 53 F. Supp. 3d 641 (S.D.N.Y. 2014); *Kroencke v. Gen. Motors Corp.*, 270 F. Supp. 2d 441 (S.D.N.Y. 2003)).  These strikingly conclusory assertions amount to a bare request to relitigate Defendants' motion to dismiss, based on precisely the same principles that animated the Order.  This attempt fails.  *See Parrish*, 253 F. Supp. 2d at 175.

Hayuk also argues that the Court should have given weight to purported similarities between "isolated portion[s]" of the Frappuccino Works and the Hayuk Works.  Hayuk Mem. at 4.  But, as the Court correctly concluded in the Order, "Plaintiff's position in this regard finds no support in this Circuit's case law, which confirms that the 'total concept and feel' standard means what it says – the ultimate question is whether . . . the concept and feel of the works *as a whole* is substantially similar."  Order at 10  (citing *Williams v. Crichton*, 84 F.3d 581, 590 (2d Cir. 1996)) (emphasis added); *see also Dean v. Cameron*, 53 F. Supp. 3d 641, 648 (S.D.N.Y. 2014) ("[T]he question is whether . . . considering the works *as a whole*, a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's.") (emphasis added, internal quotation marks omitted).  Despite this Court's express invitation at oral argument (*see* Dkt. No. 39 ("Tr.") at 14, 19), Hayuk has not cited a single case to the contrary.[2]

---

[2] In opposition to Defendants' motion to dismiss and at oral argument, Hayuk has suggested that cases involving literal copying or paraphrasing of portions of works support her position.  *See*

6

Finally, Hayuk turns to procedure, claiming that she "presented the Court with sufficient support to find, at the very least, that [her] allegations are sufficiently plausible to overcome Defendants' motion to dismiss." Hayuk Mem. at 3 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). This argument ignores that "[w]hen a court is called upon to consider whether . . . works are substantially similar, no discovery or fact-finding is typically necessary, because what is required is only a visual comparison of the works." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010). As the Court recognized, here "the works in question are attached to [] plaintiff's complaint," so "the court has before it all that is necessary" to determine substantial similarity. *Id.* The Court examined these materials and concluded that the works are not substantially similar as a matter of law, and no factual questions of infringement remain to be "reserved for summary judgment or trial." Hayuk Mem. at 6.

## II.
## THE COURT MADE NO ERROR OF FACT

Hayuk argues that the Court "failed to take into consideration relevant evidence," namely the Deck, a document she chose not to submit until making the instant motion. Hayuk Mem. at 5. The Deck provides no basis for reconsideration both because it is not properly before the Court and because it is entirely irrelevant to the Court's Order.

### A.     The Court Should Strike the Deck from Consideration On This Motion

As an initial matter, consideration of the Deck is not permitted under Local Rule 6.3 and Rule 59(e). As to Rule 59(e), the Deck, although newly submitted on this motion, is not "newly discovered" by Hayuk, as is required for consideration under the rule. *Antonmarchi*, 2009 WL 1069161, at *1. On the contrary, Hayuk admits that she had the Deck at the time she was

---

Dkt. No. 26 at 8; Tr. at 15, 19. Hayuk, however, "does not claim that any of the Frappuccino Works is an exact copy of all or any portion of any of the Hayuk Works" (Order at 6), and the Court correctly found them unavailing to Hayuk.

7

drafting the Complaint (*see* Hayuk Mem. at 5 (citing Compl. ¶ 27)), and she expressly referred to the Deck at the oral argument of Defendants' motion to dismiss (*see* Tr. at 16). As Hayuk has "provide[d] no evidence suggesting that [the Deck was] unavailable previously or could not have been found by due diligence," Rule 59(e) bars its consideration. *Antonmarchi*, 2009 WL 1069161, at *1. Moreover, "Local Rule 6.3 expressly prohibits movants from filing affidavits unless directed by the court." *Id.* at *1; *see* Local Rule 6.3. Hayuk has effectively submitted an unsworn affidavit here, improperly attaching the Deck to her memorandum of law without the Court's direction. Accordingly, the Deck should be stricken and disregarded. *See Ralph Oldsmobile Inc. v. General Motors Corp.*, No. 99-cv-4567, 2001 WL 55729, at *2 (S.D.N.Y. Jan. 23, 2001) ("When a party improperly submits an affidavit on a motion for reconsideration, the appropriate remedy is to strike the affidavit and disregard it."); *Arias v. Mutual Central Alarm Servs., Inc.*, No. 96-cv-8447, 1999 WL 1337571, at *3 (S.D.N.Y. Jan. 22, 1999) (striking affidavit submitted in violation of Rule 6.3); *Quartararo v. Catterson*, 73 F. Supp. 2d 270, 273 (E.D.N.Y. 1999) (same).

Exclusion of the Deck is not just the result of a mechanical application of Rule 59(e) and Local Rule 6.3; rather, it serves the important interest in finality embodied in those rules. Hayuk rejected multiple opportunities to submit the Deck to the Court in a legitimate manner. She could have sought leave to file the Deck as a confidential exhibit to her Complaint, but she chose not to do so. When Defendants filed their motion to dismiss, Hayuk could have amended the Complaint to include the Deck, and this Court's rules expressly required that she consider doing so. *See* Indiv. Pracs. Of Judge Laura Taylor Swain, Rule 2(b)(iii). Again, she chose to abstain. As the Second Circuit has recognized, motions for reconsideration "are not vehicles for taking a second bite at the apple," including by submitting facts available to the losing party at the time of

8

the motion but not included in the record. *Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008). The Court should strike and disregard the Deck.

### B. The Deck Provides No Basis for Reconsideration

Hayuk contends that the Deck shows "Defendants used several of Hayuk's works . . . as the basis for the proposed Frappuccino campaign," and that "Defendants' creation of the Frappuccino Works was so dependent on the Hayuk Works as to *preclude the possibility of independent creation*." Hayuk Mem. at 5, 6 (emphasis added).[3] Hayuk claims, in other words, that the Deck shows Defendants actually copied the Hayuk Works. Putting aside that this characterization is wrong, Hayuk's argument fails because it conflates *actual* copying – which was not at issue in Defendants' motion – with *wrongful* copying, which the Court correctly held did not occur.

In order to make out a claim of copyright infringement, a plaintiff must establish "1) that [her] work is protected by a valid copyright, 2) that the defendant copied [her] work, and 3) that the copying was wrongful." *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 100 (2d Cir. 2014). Although "[t]he second and third elements—copying and wrongful copying—are often confused," they are independent requirements; if either is not met, an infringement claim fails. *Id.* at 100-01. A showing of independent creation disproves *actual* copying, therefore providing a complete defense to an infringement claim. *Id.* But even where an independent creation defense is unavailable, an infringement claim will fail if *wrongful* copying is lacking. *See, e.g.*, *Bill Diodato Photography, LLC v. Kate Spade, LLC*, 388 F. Supp. 2d 382, 392-94 (S.D.N.Y.

---

[3] Hayuk argues that if the Court refuses to consider the Deck itself, the Court should draw these same conclusions from her oblique reference to the Deck in the Complaint (Compl. ¶ 27) and her mention of the Deck at oral argument (*see* Tr. 16). The points in this section, which demonstrate that the Deck provides no basis for granting Hayuk's motion, apply *a fortiori* to Hayuk's passing references to the Deck.

9

2005) (dismissing artist's copyright claim against advertiser for lack of substantial similarity, despite "material issues of fact . . . as to actual copying"); *Andersson v. Sony Corp.*, No. 96-cv-7975, 1997 WL 226310, at *2-*3 (S.D.N.Y. May 2, 1997) (denying artist's motion for preliminary injunction against advertiser despite "direct evidence of copying," due to lack of substantial similarity).

Here, Defendants moved to dismiss Hayuk's claims on the basis that the Hayuk Works and the Frappuccino Works are not substantially similar as a matter of law – i.e., that there was no *wrongful* copying in this case. Defendants "assumed for the purposes of their motion that Hayuk properly stated the other elements of her copyright infringement claims, *including . . . actual copying*." Dkt. No. 27 at 1-2 (emphasis added). The Court then concluded that "[n]o reasonable jury, properly instructed, could find the works substantially similar." Order at 13. In this way, Defendant's motion and the Court's decision "turn[] on element three, wrongful copying"; evidence as to "element two," actual copying and the related defense of independent creation, is simply not relevant. *Zalewski*, 754 F.3d at 101. Accordingly, the Deck provides no basis for reconsideration of the Order, even if this Court were to credit Hayuk's bald assertion that it "preclude[s] the possibility of independent creation." Hayuk Mem. at 6.

Hayuk also claims the Deck shows that the Frappuccino Works are "strikingly similar" to the Hayuk Works. Hayuk Mem. at 5 (quoting *MPD Accessories B.V. v. Urban Outfitters*, No. 12-cv-6501, 2014 WL 2440683, at *6 (S.D.N.Y. May 30, 2014)). Like the defense of independent creation, striking similarity is relevant primarily to actual copying: "a plaintiff may prove actual copying if *the works are so strikingly similar* so as to preclude the possibility of independent creation." *Muller v. Anderson*, 501 F. App'x 81, 83 (2d Cir. 2012) (emphasis added). If proven, striking similarity may also be relevant to the element of wrongful copying. *See Gaste v. Kaiserman*, 863 F.2d 1061, 1068 (2d Cir. 1988) ("In some cases, the similarities

10

between the plaintiff's and defendant's work are so extensive and striking as, without more, both to justify an inference of copying and to prove improper appropriation.") (quoting *Arnstein v. Porter*, 154 F.2d 464, 469 (2d Cir. 1946)).

Here, to the extent that Hayuk asserts striking similarity in order to prove actual copying, her attempt fails for the reasons just stated: actual copying is not at issue in the Order. And to the extent Hayuk asserts striking similarity in order to relitigate the issue of substantial similarity, her attempt also fails. The allegedly infringing Frappuccino Works ***do not even appear in the Deck***, and the Deck therefore has no bearing on the question of whether those works are strikingly or substantially similar to the Hayuk Works. For the same reason, the Deck is irrelevant to the Court's analysis of the "dominant *dissimilarities*" between the works at issue, and to the Court's conclusion that "none of the Frappuccino Works is substantially similar to the 'total concept and feel' of protectible elements of any of the Hayuk Works." Order at 11. In short, the Deck adds nothing to the substantial similarity analysis because in that analysis, "what is required is only a visual comparison of the works." *Folio Impressions, Inc. v. Byer California*, 937 F.2d 759, 766 (2d Cir. 1991).

Hayuk further confuses matters by citing this Court's decision in *MPD Accessories B.V.*, 2014 WL 2440683.[4] There, the Court granted summary judgment to plaintiff on its claim that defendants infringed the copyrights in its scarf designs. Crucially, the defendants in *MPD Accessories* "*[did] not dispute* that the [allegedly infringing] scarves . . . [were] identical or at least strikingly similar" to plaintiff's scarves. *Id.* at *2 (emphasis added). The Court thus found that, as to actual copying, "[t]his is the rare case in which the factual predicate . . . is not disputed," as defendants had conceded strikingly similarity. *Id.* at *6. The Court further held

---

[4] Hayuk did not cite to or discuss *MPD Accessories* in the briefing of its motion to dismiss. At oral argument, Hayuk's counsel stated that this omission "was an oversight." Tr. at 17.

11

that Plaintiff had established "the second element of [its] copyright infringement cause of action," wrongful copying, and was therefore entitled to judgment on liability as a matter of law. *Id.*

*MPD Accessories* is inapt because here, Defendants have *not* conceded that the Frappuccino Works and the Hayuk Works are strikingly similar. To the contrary, they have argued, and the Court has agreed, that no reasonable jury could find that the works at issue are even *substantially* similar. *MPD Accessories* does not become relevant as a result of Hayuk's attempt to introduce a document in which the allegedly infringing works do not appear.[5]

## CONCLUSION

For the reasons stated herein, the Court should deny Hayuk's motion pursuant to Rule 59(e) and Local Rule 6.3, strike the Deck from the record, and grant such other and further relief as the Court deems just and proper.

---

[5] Providing yet further reason to deny the instant motion, the Court already has considered and rejected Hayuk's argument regarding the Deck's relevance. At oral argument, Hayuk's counsel represented that "there is similarity between what's in the [D]eck and what ultimately occurred in the [F]rappuccino campaign," and then, citing *MPD Accessories*, claimed that striking similarity between the works at issue precluded the possibility of independent creation. *See* Tr. at 16-17. In response, the Court identified the key reason that these claims are irrelevant to the questions before the Court: "For purposes of this motion practice, I believe that *Starbucks isn't pressing an insufficiency argument as to the copying allegation. Starbucks is saying you can't make substantial similarity on the works themselves.*" Tr. at 17 (emphasis added).

12

Dated: New York, New York
February 25, 2016

                FRANKFURT KURNIT KLEIN & SELZ, P.C.

                By: /s/ Amelia K. Brankov
                    Amelia K. Brankov
                    Andrew D. Jacobs
                488 Madison Avenue, 10th Floor
                New York, New York 10022
                Phone: (212) 980-0120
                Fax: (212) 593-9175
                abrankov@fkks.com
                ajacobs@fkks.com

                *Attorneys for Defendants Starbucks Corporation and 72andSunny Partners, LLC*