UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MAYA HAYUK,

        Plaintiff,

  -v-                                          No. 15 CV 4887-LTS

STARBUCKS CORPORATION AND
72ANDSUNNY PARTNERS, LLC.,

        Defendants.

-------------------------------------------------------x

### MEMORANDUM OPINION AND ORDER

Maya Hayuk ("Plaintiff") brought this action against Starbucks Corporation and 72andSunny Partners, LLC ("Defendants"), asserting claims of copyright infringement based on Defendants' alleged use of Plaintiff's artwork in a promotional campaign for its Frappuccino drinks (the "Frappucino Campaign"). In a Memorandum Opinion and Order dated January 12, 2016 (the "January 2016 Order"), the Court granted Defendants' motion to dismiss the Complaint in its entirety. (See docket entry no. 37.) Plaintiff now moves to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3. The Court has carefully reviewed the parties' submissions and, for the reasons set forth below, Plaintiff's motion is denied.

### BACKGROUND[1]

On January 12, 2016, the Court issued a Memorandum Opinion and Order

---

[1] For a fuller description of the background of the litigation, see the January 2016 Order.

granting Defendants' motion to dismiss Plaintiff's copyright infringement claims on the grounds that Defendants' works were not substantially similar to Plaintiff's works as a matter of law. (See January 2016 Order at 11.)  In so holding, the Court applied the "total concept and feel" test to find that, despite the fact that the two sets of works shared certain characteristics, "the far more dominant dissimilarities in the specific aesthetic choices embodied in the particular works distinguish them in total concept and feel and preclude a finding of substantial similarity." (See id. at 6-9, 11.)   The Court specifically rejected Plaintiff's argument that appropriation of the conceptual "core" of her work is a proper basis for a copyright violation (id. at 9) and Plaintiff's argument that substantial similarity to "isolated portions" of her work can constitute a copyright violation in cases of inexact copying (id. at 10.)

Plaintiff now argues that the Court overlooked governing case law and ignored evidence, namely a deck illustrating the visual concept for the Frappuccino Campaign (the "Deck") referenced in the Complaint, which allegedly demonstrates that there is "similarity between what's in the deck and what ultimately occurred in the frappuccino campaign." (See Pl. Mem. at 5.)

DISCUSSION

A motion to alter or amend a judgment pursuant to Rule 59 is evaluated under the same standard as a motion for reconsideration under Local Civil Rule 6.3.  Williams v. New York City Dep't of Corrections, 219 F.R.D. 78, 83 (S.D.N.Y. 2003).  Reconsideration is warranted when the moving party identifies "controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might

reasonably be expected to alter the court's decision." Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003). This standard should be "narrowly construed and strictly applied so as to avoid repetitive arguments on the issues that have already been considered fully by the Court" and "to prevent the rule from being used as a substitute for appealing final judgment." Banco Cent. Del. Paraguay v. Paraguay Humanitarian Found., Inc., No. 01-CV-9649, 2007 WL 2493684, at *2 (S.D.N.Y. Sept. 5, 2007) (internal quotation marks and citations omitted); see also Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (a motion for reconsideration is not an opportunity for a "second bite at the apple.")

In its motion for reconsideration, Plaintiff principally rehashes arguments that she made previously in her submission on the motion to dismiss, which the Court had fully considered and addressed in its January 2016 Order. (See January 2016 Order at 7, 9.) Rather than identify controlling law that the Court overlooked, Plaintiff, in seeking reconsideration, merely advances her disagreement with the way the Court applied the law—that is, Plaintiff again argues that Defendants' works are substantially similar to her works. (See Pl. Mem. at 2.) The Court's January 2016 Order fully considered and addressed those contentions, and there is no basis for reconsideration.

To the extent that Plaintiff contends the Court erred by not considering whether "isolated portions" of Plaintiff's works are substantially similar to Defendants' works, that argument was also fully considered in connection with the January 2016 Order and no error of law was made. As explained in the January 2016 Order, the proposition that copying of even a small portion of an original work can amount to infringement applies to the context of identical or near exact copies; in cases of inexact copying, as here, the comparison must be made with

respect to the works as a whole.  (See January 2016 Order at 10-12.)  Plaintiff has still brought forth no legal authority to the contrary, despite having had ample opportunity to do so.  (See, e.g., Hr'g Tr. at 14, 19, docket entry no. 39.)  Finally, Plaintiff's contention that reconsideration is warranted on the basis that the Deck was not considered by the Court in its original decision is without merit, as it is appropriate for the Court make the substantial similarity evaluation on the basis of the works themselves.  See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 64 (2d Cir. 2010).

Accordingly, Plaintiff has offered no proper basis for reconsideration of the Court's order and her motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3 is denied.

CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is denied.  This Memorandum Opinion and Order resolves docket entry no. 45.

SO ORDERED.

Dated: New York, New York
       September 30, 2016

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge